■ SEYMOUR KOFF, Respondent, v. INCORPORATED VILLAGE OF FLOWER HILL, Appellant.— Judgment of the Supreme Court, Nassau County, dated February 15, 1967, which declared defendant's zoning ordinance confiscatory and unconstitutional as applied to plaintiff's property, reversed, on the law and the facts, without costs, and judgment granted declaring the ordinance constitutional as it pertains to plaintiff's land. The subject 80,000 square foot parcel, situated in a residential area in appellant village on the northerly side of Northern Boulevard, consists of lots 17 and 18, in Block 76 of Section 6 on the tax map of Nassau County. The tract runs 391 feet along said thoroughfare, from which it rises steeply to the rear at the north, for a depth of about 290 feet, at a cul-de-sac in Fernwood Drive, upon which it has a frontage of about 108 feet. The commercial area in the over-all village plan begins at a distance of at least 2,000 feet on Northern Boulevard west of the subject parcel. Under the zoning ordinance of the village, which was adopted in 1937 and re-enacted in 1954, the premises were zoned Residence B-1, i.e., for single detached dwellings on *minimum* plots of 12,500 square feet, in which residents may practice such professions as medicine or law, and for clubs. Plaintiff bought this parcel for about $8,000 or $10,000 about 1958, with knowledge of its zoning. Thereafter, he prepared a proposed

subdivision map for development of the tract by building a marginal road beside Northern Boulevard and dividing the remainder of the land into five home sites, two fronting on the cul-de-sac and three on Northern Boulevard. The estimated average cost of development per site (grading, concrete wall, timber cribbing, marginal road, curbing, drainage and water main) is $8,000. The construction cost of the most saleable type of house (ranch-type) would be about $22,000, making a total cost per house of about $30,000. Respecting the two proposed sites fronting on the cul-de-sac, there is no proof as to how much they can bring, with or without houses on them. Old houses in that area that originally sold in 1954 for $30,000 are now selling at between $40,000 and $50,000. As for the three proposed sites fronting on the Boulevard, which it appears plaintiff wishes to develop commercially, plaintiff's real estate broker-appraiser testified that, because of their topography and location, in his opinion they would not be saleable at $30,000 each with houses on them. The expert for the village testified that in his opinion it is feasible to develop the property as zoned. In his complaint, plaintiff sought judgment declaring the ordinance confiscatory and unconstitutional as to the whole parcel. At the opening of the trial he was permitted to amend same, without objection by the village, so as to encompass within his complaint only the portion comprising the three sites fronting on Northern Boulevard. In its amended answer, the village admitted ownership by plaintiff of the entire tract and denied the rest of his material allegations. While the village did not object to the amendment of the complaint in the manner that plaintiff desired, it did not consent to removal from the court's consideration the fact that the entire parcel is owned by plaintiff. There being no proof that financial returns on the whole tract would not allow recovery of the price plaintiff paid, if developed as permitted by the ordinance, there was no showing of confiscation (*Matter of Gramatan Hills Manor* v. *Manganiello,* 16 N Y 2d 931). Further, the commercial zone in the over-all village plan is set, and since the use sought by plaintiff would introduce a new commercial tract into a heretofore purely residential zone, there is a reasonable basis for the present classification in terms of the welfare of the community. On the record as a whole, it is our opinion that plaintiff did not sustain his burden of proving beyond a reasonable doubt that the parcel is not reasonably adapted for residential use as permitted by the ordinance (*Wiggins* v. *Town of Somers,* 4 N Y 2d 215, 218–219). Christ, Acting P. J., Brennan, Hopkins and Benjamin, JJ., concur. Rabin, J. not voting.