OPINION OF THE COURT
Meyer, J.
In an action to have a zoning ordinance declared unconstitutional as applied to plaintiff’s property, the issue is not whether other zoning would be appropriate or whether the property is zoned for its highest and best use but whether the existing zoning classification deprives the owner of any use to which it is reasonably adapted. To be successful in such an action, the property owner must overcome the presumption of constitutionality of the ordinance by establishing beyond a reasonable doubt that he cannot obtain a reasonable return on the property under any of the uses, other than public or quasi-public uses, permitted by the ordinance. Because plaintiff’s proof was insufficient, under that standard, to establish that the present zoning of plaintiff’s property is confiscatory, the order of the Appellate Division should be affirmed, with costs.
I
Plaintiff owns an irregularly shaped 12.6-acre parcel of land which bridges the line between the Town of Bedford and the Town/Village of Mount Kisco. The Mount Kisco *497 portion is along part of the western edge of the tract, is .9 acres in size, is undeveloped and is zoned Research-Office (R-O). The 11.7 acres in the Town of Bedford fronts on Route 172 for 218.47 feet of its southerly perimeter and on McLain Street for 970.79 feet of its easterly perimeter. It is zoned two-acre residential (R-2A) and is improved by a large two-story residence and a smaller dwelling.
To the west and south of the Bedford portion lies another parcel, also owned by plaintiff, which fronts on Route 172, which is zoned Planned Business-Office (PB-O) and on which are situated two medical buildings and two office buildings. Opposite those buildings on the south side of Route 172 is land within Mount Kisco which is zoned for limited office use and on which there are two commercial office buildings. Opposite the plaintiff’s property on the south side of Route 172, also in Mount Kisco, the land is zoned for multifamily residential use and a marsh preserve.
To the north of the plaintiff’s property on the west side of McLain Street the land is zoned for, and has been developed as, two-acre residential use. Along the east side of McLain Street and running north from Route 172 is a 296-acre estate, zoned for two-acre and four-acre residential use, on which is situated a large mansion presently occupied by a charitable foundation, under a five-year special use permit granted by the Town of Bedford in 1979, as a study center.
The property was acquired by plaintiff in 1978 for $265,000. In February, 1979, plaintiff petitioned the Town Board of the Town of Bedford to rezone the property as a new planned business-office park district, similar to the town’s PB-0 classification, but including as a permissible use a conference center and incidental service businesses, access to the property to be from Route 172 only. The Bedford Planning Board recommended rezoning as PB-0 rather than plaintiff’s proposed new park district, on condition that a buffer of not less than 100 feet be provided adjacent to adjoining residential property. After two public hearings held by the town board, at which, among other objectants, the Mount Kisco Planning Board and the Westchester County Planning Board objected that the traffic *498 impact of rezoning would be greater than Route 172 could accommodate and that the proposed buffer zone was inadequate, the town board on November 28, 1979 denied the request for rezoning.
Plaintiff then commenced the instant action for a declaratory judgment and for damages, alleging that because of the development of abutting lands its property cannot be used for any purpose permitted by R-2A zoning and that, therefore, continuation of that zoning classification denied it due process of law and entitled it to damages for the denial of its constitutional and civil rights. After trial Supreme Court in an opinion which noted that development of plaintiff’s property for office use would have no significant traffic effect on Route 172, that plaintiff had demonstrated significant economic injury, and that the town had failed to establish that R-2A zoning was required by public interest, declared the zoning unconstitutional. It held, however, that plaintiff was not entitled to damages. The judgment entered dismissed plaintiff’s cause of action for damages but on the due process causes of action declared the zoning unconstitutional as applied to plaintiff’s property.
The Appellate Division held that plaintiff had failed to sustain its burden of proof in a number of respects, that the Trial Judge had incorrectly applied the area variance standard of proof stated in Matter of Fulling v Palumbo (21 NY2d 30), and that his traffic finding was unsupported by the record. It, therefore, modified, on the law and the facts, struck from the judgment everything other than the denial of damages, added a provision declaring the zoning as applied to plaintiff’s property not unconstitutional, and, as so modified, affirmed.
Plaintiff appeals as of right on both constitutional (CPLR 5601, subd [b], par 1) and modification (CPLR 5601, subd [a], par [iii]) grounds. It argues that the Appellate Division, not the Trial Judge, applied the wrong standard of review, that it sufficiently demonstrated both the value of the property at time of purchase and the fact that the property cannot be used for any purpose permitted by the present classification, that the confiscatory nature of the present zoning and the town board’s refusal to rezone *499 entitle it not only to a declaration of unconstitutionality but also to damages, and that the Trial Judge erred in denying plaintiff an additional allowance under CPLR 8303. The last is not reviewable by our court (Abbott v Page Airways, 23 NY2d 502, 515) and the damage issue need not be reached in view of our conclusion that the present zoning is constitutional. On the other questions, we agree essentially with the reasoning of the Appellate Division but write to emphasize that agreement and in the interest of clarifying the applicable rules.
II
Concerning standard of review, plaintiff argues first that on evidence which conflicts or from which conflicting inferences may be drawn, the Appellate Division cannot reverse unless the trial court’s decision is so clearly erroneous that it can be said that it is not supported by the evidence. For more than 50 years, however, since the 1925 amendment to the Constitution (art VI, § 5), the rule has been that the power of the Appellate Division is not so limited, that its authority is as broad as that of the trial court (Jacques v Sears, Roebuck & Co., 30 NY2d 466, 471; O’Connor v Papertsian, 309 NY 465, 471-472) and that as to a bench trial it may render the judgment it finds warranted by the facts, taking into account in a close case “the fact that the trial judge had the advantage of seeing the witnesses” (York Mtge. Corp. v Clotar Constr. Corp., 254 NY 128, 133-134; accord Cohen v Hallmark Cards, 45 NY2d 493, 498; Bernardine v City of New York, 294 NY 361, 366-367; People ex rel. MacCracken v Miller, 291 NY 55, 62; see Miller v Merrell, 53 NY2d 881, 883; Siegel, NY Prac, § 529, pp 731-732; Cohen and Karger, Powers of the New York Court of Appeals, § 112).
The second branch of the argument is that the trial court referred to Matter of Fulling v Palumbo (21 NY2d 30, supra) only as to the sequence of going forth with the evidence in the case, not in contravention of the reasonable doubt standard and that, in any event, what the courts really do is balance the interests of the public against the interests of the property owner. The Trial Judge’s decision refutes the argument for its conclusion that the zoning classification is confiscatory turned not on plaintiff’s dem *500 onstration that it could not obtain a reasonable return on the property under the present zoning but on “the defendant’s inability to demonstrate that the public health, safety and welfare of the community is threatened if existing zoning regulations fall”.
Nor should our affirmance in Socha v Smith (26 NY2d 1005) or our decisions in Salamar Bldrs. Corp. v Tuttle (29 NY2d 221) or Stevens v Town of Huntington (20 NY2d 352) be read as revising the burden-of-proof rules applicable to a claim of confiscatory zoning or adopting a balancing test for such cases. A zoning ordinance may be an invalid exercise of the police power because not reasonably related to the public health, safety, morals or general welfare or because, even though reasonably related to a legitimate public purpose, it renders the property affected by it so unsuitable for any purpose for which it is reasonably adapted as effectively to destroy its economic value (French Investing Co. v City of New York, 39 NY2d 587, 596). In the first situation diminution in value is of limited significance; in the second it is crucial. In either case, however, the burden is upon the property owner seeking to have an ordinance declared unconstitutional as applied to his property to overcome the presumption of constitutionality which enshrouds the ordinance by proof beyond a reasonable doubt (Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville, 51 NY2d 338, 344; Marcus Assoc. v Town of Huntington, 45 NY2d 501, 505; McGowan v Cohalan, 41 NY2d 434, 436).
That does not mean that in a confiscation case the municipality does not run a risk if in reliance upon the burden of proof on the property owner it introduces no proof. As in every case, when the proponent presents proof sufficient to permit the trier of fact to decide in his or her favor, the opponent must counter that proof or risk an adverse determination. Only in that general sense can it be said that there is any obligation on the municipality to go forward with proof (see Matter of Spears v Berle, 48 NY2d 254, 263; Matter of Charles v Diamond, 41 NY2d 318, 327). There is, however, no rule in a confiscation case, such as was recognized in Matter of Fulling v Palumbo (21 NY2d 30, supra) with respect to area variance cases, that a *501 showing of significant economic injury by the property owner will, without further proof, entitle him or her to relief, absent the presentation by the municipality of evidence showing that the public health, safety or welfare will be served by denial of the requested variance.
This is because area variance applications seek to relax one or more incidental limitations relating to a permitted use whereas confiscation cases are brought to upset the legislatively adopted use restriction in favor of a less restrictive use classification. In area variance cases financial hardship is one of the factors to be considered but, by itself, is not determinative (Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 315). In confiscation cases, on the other hand, the fact that the property would have a much greater value if zoned for less restrictive use, or even that the established zoning has caused significant diminution in the value of the property owner’s investment, is not enough (Marcus Assoc. v Town of Huntington, 45 NY2d 501, 506, supra; Matter of Charles v Diamond, 41 NY2d 318, 326, supra; McGowan v Cohalan, 41 NY2d 434, 436, supra). Only if the zoning deprives the owner of “any reasonable income productive or other private use for which it is adapted and thus destroys its economic value, or all but a bare residue of its value” (French Investing Co. v City of New York, 39 NY2d 587, 596, supra) will it be held confiscatory. The heavy burden of establishing that no reasonable return may be obtained from the property under the existing zoning remains upon the property owner throughout the case and is not shifted, in a confiscation case, by proof of economic injury.
The Socha and Salamar Bldrs. cases, upon which plaintiff relies, are not to the contrary. Although the Fulling burden-shifting discussion was referred to by the Appellate Division in Socha (33 AD2d 835, 836) and by our court in Salamar Bldrs. (29 NY2d, at p 226), our memorandum in Socha made no reference to it and the discussion in Salamar was unnecessary to the conclusion there reached, which was that “despite the absence of proof by the town on the issue, plaintiff has failed to demonstrate that the ordinance was tantamount to a confiscation” (29 NY2d, at p 227).
*502 Nor does the reference in Stevens to disparity in value warrant the conclusion that the process is, except in a very limited sense, one of balancing. Much more is required than a showing that the zoning classification is fairly debatable. As the Stevens opinion notes, upon such a showing “the classification * * * must be allowed to stand” (20 NY2d, at p 355). There is balancing, therefore, only in the sense that to succeed the property owner must establish that the classification is “so one-sided as to be unreasonable and arbitrary, unnecessary to the preservation of the scheme and purpose as a whole, approaching the point where an owner is deprived of any beneficial or profitable use of his property” (Matter of Eaton v Sweeney, 257 NY 176, 183), before a court will afford relief (see 1 Rathkopf, Zoning and Planning, § 6.07, p 6-21). And, with but few exceptions, this is the nationwide rule (1 Williams, American Land Planning Law [1983 Supp], § 7.04, pp 180-181; § 7.04a, p 18).
Ill
Whether the existing zoning permits of a reasonable return requires proof from which can be determined the rate of return earned by like property in the community and proof in dollars and cents form of the owner’s investment in the property as well as the return that the property will produce from the various uses permissible under the existing classification (Matter of Village Bd. v Jarrold, 53 NY2d 254; see Matter of Crossroads Recreation v Broz, 4 NY2d 39).
The owner’s investment is, however, neither limited to nor exactly the same as the amount paid upon purchase of the property. Taxes, expenses and other carrying charges to the extent they exceed income may properly be added, as may improvements made (see Matter of Crossroads Recreation v Broz, supra, at p 44; Town of Hempstead v Lynne, 32 Misc 2d 312; 3 Rathkopf, Zoning and Planning, § 38.03, pp 38-33 — 38-36). But it must also be shown that the purchase price did not include a premium over fair market price at time of purchase in the expectation that the property would be downzoned, lest the purchase alone make the expectation a self-fulfilling prophecy (Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1, 9; Chusud *503 Realty Corp. v Village of Kensington, 40 Misc 2d 259, 260-261, affd 22 AD2d 895; see 1 Williams, American Land Planning Law, § 6.17, pp 144-145). The owner’s investment as thus computed multiplied by the rate of return found reasonably to be expected will then provide the measure against which is to be assessed the claim that the existing zoning is confiscatory.
The other side of the equation is the return obtainable from the uses permitted by the existing zoning. That does not require a showing that the property is not suitable for public or quasi-public uses permitted by the zoning, such as for a church, school, college, public library, municipal building or park (Matter of Village Bd. v Jarrold, 53 NY2d 254, 258, n 1, supra; Matter of Grimpel Assoc. v Cohalan, 41 NY2d 431, 433; McGowan v Cohalan, 41 NY2d 434, 436, supra). It does, however, require a showing that the property will not provide a reasonable rate of return if used as otherwise permissible under the existing zoning, whether absolutely or only conditionally permitted under the ordinance or, indeed, permissible only as a nonconforming use pre-existing the zoning classification (Matter of Village Bd. v Jarrold, supra; Peekskill Suburbs v Morabito, 51 NY2d 941, 942; Matter of Spears v Berle, 48 NY2d 254, 263, n 4, supra).
Whether the property will provide a reasonable rate of return involves consideration of factors such as its topography, the zoning and use of nearby properties even though not within the same municipality, traffic on adjoining streets, and the length of time since structures of the type permitted have been erected in the area, among others (Vernon Park Realty v City of Mount Vernon, 307 NY 493, 499; Arverne Bay Constr. Co. v Thatcher, 278 NY 222, 230; Dowsey v Village of Kensington, 257 NY 221, 226, 230). Existing conditions, not what may occur in the future, are what the court is to assay (Mary Chess, Inc. v City of Glen Cove, 18 NY2d 205, 211; Arverne Bay Constr. Co. v Thatcher, supra, at p 232), except perhaps for a particular condition that is “ Imminent or a factual certainty’ ” (Kropf v City of Sterling Hgts., 391 Mich 139,151; see 1 Rathkopf, Zoning and Plánning, § 4.05, p 4-34). It is, moreover, with respect to the whole tract that reasonableness of return is *504 to be measured, at least where the tract is uniformly zoned (Chase Manhattan Bank v Incorporated Vil. of Flower Hill, 28 NY2d 694, affg 29 AD2d 655, 656; see Penn Cent. Transp. Co. v New York City, 438 US 104, 130-131; 1 Rathkopf, Zoning and Planning, § 6.11, p 6-41; cf. American Sav. & Loan Assn. v County of Marin, 653 F2d 364). An owner will not have sufficiently established his confiscation claim, therefore, if the adverse factors demonstrated affect but a part of the property but do not prevent a reasonable return from the tract as a whole.
IV
It is against that background that we are to determine the correctness of the order appealed from. We agree with the Appellate Division that plaintiff’s proof was deficient in several respects and, to the extent that its decision may be regarded as evaluating the facts differently than did Special Term, conclude that it is the Appellate Division’s decision which “‘is conformable with the weight of evidence’ ” (Rorie v Woodmere Academy, 52 NY2d 200, 204, quoting Matter of City of New York [Coogan], 20 NY2d 618, 623).
The deficiencies in proof related to special permit uses and the price paid by plaintiff for the property. Much of the testimony to which plaintiff points as satisfying its burden relating to special permit uses related to public and quasi-public uses and was, therefore, irrelevant. Although there was testimony touching on use for a club, sanitarium and landscape nursery, use as a nursing home was not considered. Moreover, club use was said to be unsuitable “Because it doesn’t represent highest and best use. A tennis club would never return the income that office use, office building use, would.” But there is no constitutional requirement that the highest and best use or the greatest income obtainable be allowed (Dauernheim, Inc. v Town Bd., 33 NY2d 468, 472). A zoning classification will be held confiscatory only, as already noted, if no reasonable return can be obtained from the property as zoned.
Concerning the price paid by plaintiff for the property, plaintiff’s argument that “[tjhere was no evidence in the instant case to indicate that Plaintiff’s original purchase of *505 the property was anything but an arms-length transaction” misses the mark in at least two respects. First, it was plaintiff’s burden to establish the investment base against which confiscation is to be measured, including the part played in the purchase negotiations of the potential rezoning of the property. Second, that the transaction was arm’s length does not exclude the possibility that a premium over fair market value was paid.
With respect to weight of the evidence, we note simply that plaintiff relied heavily on the fact that its property fronts on Route 172 and, it is claimed, is. surrounded on three sides by nonresidential uses. The evidence presented when the trial was reopened shows, however, that although the property to the west is zoned for research office use, its owner, American Ultramar Limited, had submitted to the Mount Kisco Planning Board a proposal for construction of an office building but never followed up on it and had no present plan to build and that a taking of the property for street use was under consideration. It showed also that the 296-acre property east of McLain Street is being used under a time-limited conditional permit and is zoned two-acre and four-acre residential, and that the properties to the north of plaintiff’s parcel are improved with residences. Although traffic on Route 172 and the commercial buildings along its route may well affect so much of plaintiff’s property as fronts for 218 feet on Route 172, when we consider plaintiff’s property as a whole in relation to its surroundings, as we must, we have no difficulty in concluding that the weight of the evidence supports the decision of the Appellate Division rather than that of Special Term.
For the foregoing reasons, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur.
Order affirmed, with costs.