■ FRANK RACANELLI et al., Respondents, v VILLAGE OF DOBBS FERRY et al., Appellants. — In an action, *inter alia,* to declare invalid certain portions of the zoning ordinance of the Village of Dobbs Ferry, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Walsh, J.), dated March 14, 1983, as declared invalid (1) the conditions imposed upon the grant of a special permit to operate a "public garage" by paragraphs 1, 2 and 5 of section 13-3-6 of the Dobbs Ferry Village Code, (2) the inclusion of a "gasoline station" within the definition of a "public garage" as set forth in section 12-1-35 of the Dobbs Ferry Village Code, and (3) the exemption afforded in section 12-8-1 of the Dobbs Ferry Village Code to the maintenance of gasoline pumps and automobile repair facilities when operated in conjunction with an existing automobile sales showroom. ¶ Judgment reversed insofar as appealed from, on the law, without costs or disbursements,

and it is hereby declared that the plaintiffs have failed to sustain their burden of proving that the challenged portions of defendants' zoning ordinance are invalid. ¶ Plaintiffs, the owners since 1978 of a building located in a Business District of the Village of Dobbs Ferry, commenced the within action to declare unconstitutional certain portions of the zoning ordinance of the defendant village upon being denied a special permit to operate an automobile repair shop on the first floor of their building. A permit was required by virtue of the interaction of two sections of the Dobbs Ferry Village Code, to wit: section 12-1-35, which provides, *inter alia,* that the phrase " 'public garage' shall mean any area of land including any structure or structures thereon * * * used, or designed to be used for the supply of gasoline, oil or other fuel for the propulsion of vehicles or for the storage, repair * * * servicing * * * or equipping of automobiles" and section 12-8-1, which provides in pertinent part: ¶ "In any Business District (B), no building or premises shall be used, and no building or part of a building shall be erected or altered which is arranged, intended or designed to be used, in whole or in part, for any purposes except the following, together with the uses customarily incidental thereto: ¶ "1. The uses of buildings and premises permitted in: ¶ "(a) Two- and/or Three-Family Residence Districts (TF and TFS) * * * ¶ "2. Any trade, industry or business except the following: * * * ¶ "Public garage, excluding the gasoline pumps and repair facilities which are accessory to an automobile sales showroom, provided the repair facilities are confined in a suitable building and located not less than seventy-five (75) feet from the principal thoroughfare and further provided that there shall be not more than two (2) gasoline pumps which shall be located in the rear yard and that such operations and facilities are part of a regular establishment, the primary purpose of which is the sale of new automobiles commonly known as 'Automobile Sales and Service Agency' or 'Automobile Dealership'. ¶ The ordinance, however, also provides as follows: ¶ "§ 13-3-6. Uses Permitted in Two- and/or Three-Family Districts with Stores ¶ "In any District where the uses permitted in Two- and/or Three-Family Districts with Stores (TFS) are allowed, the Board of Zoning Appeals, after due notice and public hearing, may in a specific case and subject to such appropriate safeguards and conditions that it may deem to be necessary in the public interest which shall be recorded thereon, issue a special permit for a public garage provided: * * * ¶ "2. Such public garage shall not be nearer than five hundred (500) feet, measured in every direction, to the lot on which stands any other public garage * * * ¶ "5. Except by unanimous vote of all the members of the Board, no permit shall be issued for the erection or enlargement of a public garage, or for the conversion of any premises not so used, to be used for such purposes in any District, if any part of the lot or plot in question is situated within a radius of three hundred (300) feet of a: ¶ "(a) Church. ¶ "(b) Hospital. ¶ "(c) Public Library. ¶ "(d) School. ¶ "(e) Theatre containing three hundred (300) seats or more". ¶ Believing themselves to be aggrieved by the combined effect of the foregoing sections, plaintiffs maintained, *inter alia,* that the challenged provisions are arbitrary and unreasonable and bear no substantial relationship to the legitimate purposes of zoning, and in support of their position produced an urban planning expert, who testified, at trial, that the inclusion of gasoline stations within the zoning definition of "public garage" and the exemption relating to a "public garage" which is operated as an accessory to an automobile sales showroom were both illogical. In addition, the expert testified that the provisions of paragraphs 2 and 5 of section 13-3-6 were wholly illogical and unnecessarily stringent when applied to an automobile repair shop. In the absence of any evidence to the contrary, Trial Term, insofar as is here pertinent, credited the testimony of the plaintiffs' expert and invalidated the provisions in question. This appeal followed. We reverse.

¶ Upon our review of the record, plaintiffs have failed to sustain their burden of proving, beyond a reasonable doubt, that the challenged portions of the defendants' ordinance are arbitrary or unreasonable and bear no substantial relationship to the public health, safety, morals or general welfare (see *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492; *Town of North Hempstead v Exxon Corp.,* 53 NY2d 747; *Lighthouse Shores v Town of Islip,* 41 NY2d 7). Although the testimony of the plaintiffs' urban planning expert may have raised a question as to the wisdom of certain aspects of the legislative classification embodied in the village's code, " 'If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control' " (*Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338, 344, quoting from *Village of Euclid v Ambler Realty Corp.,* 272 US 365, 388; see *Northern Westchester Professional Park Assoc. v Town of Bedford, supra,* p 500; *Curtiss-Wright Corp. v Town of East Hampton,* 82 AD2d 551, 555). ¶ In the absence of proof sufficient to rebut "[t]he exceedingly strong presumption of constitutionality" which enshrouds a duly enacted zoning ordinance (*Lighthouse Shores v Town of Islip, supra,* p 11), there was no necessity for the defendants to go forward with proof in support of the challenged provisions (see *Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville, supra; Salamar Bldrs. Corp. v Tuttle,* 29 NY2d 221). Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.