■ LAURENCE LoSCALZO, Appellant, v TOWN OF HUNTINGTON, Respondent.—In an action for a judgment declaring the zoning laws of the Town of Huntington unconstitutional as applied to property owned by the plaintiff, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated August 1, 1986, which dismissed the complaint.

Ordered, that the judgment is modified, by adding a provision declaring that the subject zoning laws are constitutional as applied to the plaintiff's property; as so modified, the judgment is affirmed, with costs to the defendant.

The plaintiff is the owner of a parcel of land located near

the intersection of Jericho Turnpike and East Deer Park Road in the Town of Huntington. Most of this property is zoned as R-40 residential; however, the portion of the land which directly adjoins Deer Park Road is zoned as C-6 commercial. At trial, the plaintiff failed to meet his burden of adducing "dollars and cents proof" sufficient to demonstrate that this property, as zoned, cannot produce a reasonable return on his investment in it (see generally, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 502; Spears v Berle, 48 NY2d 254, 263).

The plaintiff did adduce expert testimony to the effect that the zoning of his property was not in accordance with a comprehensive plan (see, Town Law § 263), and the town failed to come forward with its own evidence in order to rebut this expert testimony. However, this failure merely exposed the town to the risk of an adverse factual determination; it did not warrant judgment for the plaintiff as a matter of law (see, de St. Aubin v Flacke, 68 NY2d 66, 76; Northern Westchester Professional Park Assocs. v Town of Bedford, supra, at 500-501). After a review of all the evidence, we conclude that the trial court was fully justified in its refusal to accept the opinions offered by the plaintiff's expert witnesses. Further, we agree with the trial court's finding, which was based on a map of the area submitted by the plaintiff himself, that the plaintiff's property has not been zoned in an aleatory or discriminatory manner and that the zoning of the plaintiff's land is in accordance with a comprehensive plan.

Since the instant action is for a declaratory judgment, the judgment is modified to provide that the subject zoning laws are constitutional as applied to the plaintiff's property (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.