OPINION OF THE COURT
Per Curiam.
Final judgment entered June 6, 2002 reversed, without costs, and final judgment of possession granted in favor of tenant dismissing the petition.
The authority of an intermediate appellate court to review a record is as broad as that of the trial court (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), particularly where, as here, the trial court’s (bench) decision contains no express credibility findings. Based upon our review of the sparse trial record, we conclude that petitioner landlord failed to establish by prevailing evidence that the apartment premises was used or occupied for illegal purposes so as to warrant eviction of the stabilized tenant pursuant to RPAPL 711 (5).
Evidence at trial showed little more than that tenant, found in possession of $20 in prerecorded buy money, was arrested on August 8, 2000 in connection with a single drug transaction and ultimately pleaded guilty to disorderly conduct in satisfaction of a misdemeanor drug possession charge. With respect to the events leading up to the tenant’s arrest, the landlord’s trial proof consisted exclusively of hearsay statements contained in several police documents, including an undercover officer’s buy report. So far as can be gleaned from these documents, the drug sale was both initiated and consummated in tenant’s absence by an individual (Smith) who, though apparently known by tenant, had no demonstrated occupancy interest in tenant’s apartment. Nor was it reliably shown that Smith’s initial street encounter with the undercover officer or his delivery of the drugs (three vials of crack cocaine) to the officer inside the subject building was directly related to or facilitated by Smith’s claimed use of tenant’s apartment. It also bears emphasis that no claim or showing was made below that tenant previously was involved in *82 any criminal conduct at the building premises or otherwise, that tenant’s apartment was the subject of any prior police suspicion or investigation, or that any drugs, drug paraphernalia or other contraband were recovered from the apartment on the date in question. In this posture, no fair interpretation of the evidence can support a finding that tenant’s apartment was utilized as a focal point for drug activity or that any such illegal use occurred “customarily or habitually” upon the premises (see Grosfeld Realty Co. v Lagares, 150 Misc 2d 22, 23 [1989]).
Davis, J.E, Gangel-Jacob and Schoenfeld, JJ., concur.