■ JOSEPH CASAVECCHIA, SR., Respondent, v WILLIAM W. MIZRAHI et al., Appellants. [871 NYS2d 218]—

The plaintiff and the defendant William W. Mizrahi are members of and shareholders in the defendant real estate development companies, Hills of Heartland, LLC (hereinafter Hills), and Casa Mason Corp. (hereinafter CMC), respectively. The plaintiff commenced this action after Mizrahi, acting as the manager for Hills, diverted $100,000 of Hills' funds, to which the plaintiff was entitled as a distribution, to CMC as part of a loan to CMC. The plaintiff also sought the return of other funds belonging to Hills which Mizrahi loaned to other companies, and an injunction compelling Mizrahi and Hills to make certain distributions of Hills' profits to that entity's members pursuant to the Hills operating agreement. Mizrahi defended his conduct contending, inter alia, that Hills was not precluded from making loans to other companies, and that Hills could not distribute the remaining balance of its funds because of, among other things, outstanding debts and liabilities. The Supreme Court, inter alia, granted the plaintiff's motion for summary judgment on the complaint, and directed an inquest to determine the amount of Hills funds available for distribution to its members.

Contrary to the defendants' contention, the plaintiff established, prima facie, his entitlement to judgment as a matter of law on each claim, and the defendants failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]).

The court's determination at the inquest was supported by legally sufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]), and was also warranted by the facts (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 32914(U).]