WEINSTEIN, CHAYT & CHASE, P.C., Respondent, et al., Plaintiff, v DAVID BREITBART, Appellant. [884 NYS2d 452]—

In an action to recover damages for breach of a fee-sharing agreement, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Martin, J.), dated May 12, 2008, as, upon a decision of the same court dated April 14, 2008, made after a nonjury trial, is in favor of the plaintiff Weinstein, Chayt & Chase, P.C., and against him in the principal sum of $23,430.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"It has long been understood that in disputes among attorneys over the enforcement of fee-sharing agreements the courts will not inquire into the precise worth of the services performed by the parties as long as each party actually contributed to the legal work and there is no claim that either refused to contribute more substantially" (*Benjamin v Koeppel*, 85 NY2d 549, 556 [1995] [internal quotation marks omitted]).

As this case was tried without a jury, this Court's authority is as broad as that of the trial court, and this Court "may render

the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983] [internal quotation marks omitted]). Since the evidence revealed that the client consented to the fee-sharing agreement and the referring attorney, the plaintiff Weinstein, Chayt & Chase, P.C. (hereinafter WCC), performed some of the work, and there was no claim that the referring attorney refused to contribute more substantially, the Supreme Court properly found that the referring attorney was entitled to enforcement of the terms of the agreement (*see Benjamin v Koeppel,* 85 NY2d at 556).

Furthermore, viewing the evidence in the light most favorable to WCC (*see Jacobs v RJAK Enters.,* 226 AD2d 679 [1996]), legally sufficient evidence was presented from which the Supreme Court could rationally conclude that the parties entered into an enforceable fee-sharing agreement pursuant to Code of Professional Responsibility DR 2-107 (a) (22 NYCRR 1200.12 [a]; *see Benjamin v Koeppel,* 85 NY2d at 556; *Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). We note that since the conduct at issue occurred prior to the effective date of the New York Rules of Professional Conduct, this matter is not governed thereby. Mastro, J.P., Dillon, Belen and Hall, JJ., concur.