GLEN B. ROBBINS, Respondent, v EDNA SENDACH, Appellant. [884 NYS2d 461]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered August 21, 2008, which, upon a decision of the same court dated August 5, 2008, made after a nonjury trial on stipulated facts, is in favor of the plaintiff and against her in the principal sum of $279,739.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in favor of the defendant and against the plaintiff dismissing the complaint.

Pursuant to an agreement dated May 19, 1999 (hereinafter the agreement), the plaintiff's decedent agreed to "provide funds to Pacific Weavers, Inc." (hereinafter PWI), in the event that PWI was unable to pay its debt to "Chase Bank." The defendant's decedent, in turn, agreed to indemnify the plaintiff's decedent. However, instead of providing funds to PWI, the plaintiff's decedent purchased PWI's debt from Chase Bank and commenced an action against PWI and its other guarantors to recover the amount of the debt. Judgment was entered in favor of the plaintiff's decedent against PWI and its other guarantors in the sum of $494,953.24. Thereafter, only one of the other guarantors was released from liability, upon the payment of the sum of $5,000.

The Supreme Court found that defendant's decedent was ob-

ligated, pursuant to the agreement, to indemnify the plaintiff's decedent, on the ground that the plaintiff's decedent "eradicated" PWI's debt to Chase Bank. In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the plaintiff's decedent did not eradicate PWI's debt to Chase Bank; rather, he transferred the debt instruments to himself, became PWI's creditor, and successfully sued to recover the debt. Under the circumstances, the defendant's decedent had no obligation to indemnify the plaintiff's decedent pursuant to the terms of the agreement.

The defendant's remaining contentions are without merit. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.