This case arises from a dispute over payment for work performed pursuant to a construction contract. Initially, we note that, although the work was located in Stamford, Connecticut, both parties are New York corporations, their course of dealing was established in New York, the subject contract was negotiated and entered into in New York, and the parties’ principals, who also testified at trial, were New York domiciliarios. Accordingly, applying a “center of gravity” or “grouping of contacts” analysis, it is clear that New York is the State which “has the most significant relationship to the transaction and the parties” (Jimenez v Monadnock Constr., Inc., 109 AD3d 514, 516 [2013]). Therefore, contrary to the defendant’s contention, New York law applies in this case (see Matter of Midland Ins. Co., 16 NY3d 536, 543 [2011]; Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 317 [1994]).
*725 Contrary to the plaintiffs contention, General Business Law § 756-a et seq., known as the “prompt payment law,” did not bar the defendant from asserting any defenses to the plaintiff s claims because the defendant allegedly failed to issue a written disapproval on the invoices that the plaintiff had submitted to it. Pursuant to General Business Law § 756-a (2) (a) (ii), “[u]pon delivery of an invoice ... a contractor or subcontractor shall approve or disapprove all or a portion of [an] invoice within twelve business days.” General Business Law § 756-b, which is entitled “Remedies,” provides for the imposition of interest on the unpaid balance of a submitted invoice, for the suspension of performance, and for arbitration. However, nothing in General Business Law § 756-b provides that a contractor’s failure to timely disapprove or make payment on an invoice prevents the contractor from contesting, acts as a waiver of a contractor’s ability to contest, or constitutes an admission that the contractor owes the invoiced sum. Thus, the defendant properly asserted its defenses to the plaintiffs breach of contract claims.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds “warranted by the facts,” bearing in mind that the trial judge had the advantage of seeing the witnesses and hearing the testimony (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Metropolitan Switch Bd. Mfg. Co., Inc. v B & G Elec. Contrs., Div. of B & G Indus., Inc., 96 AD3d 725, 726 [2012]). Here, the trial court’s determination dismissing the plaintiffs first cause of action in its entirety was not warranted by the facts. At trial, the plaintiff adduced evidence that it was owed damages for work it performed for the defendant. In response, the defendant demonstrated that the full amount sought by the plaintiff (approximately $216,000) was subject to various deductions for, inter alia, “back charges,” incorrect invoicing, and improper performance of some of the work. However, even giving full credit to these claimed deductions, the plaintiff nevertheless proved damages in the sum of $18,479. Accordingly, the plaintiff is entitled to judgment on its first cause of action, which sought damages for breach of contract, in the principal sum of $18,479, plus interest.
The plaintiff’s remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.