*32 OPINION OF THE COURT
Per Curiam.
Judgment, entered March 21, 2013, insofar as appealed from, reversed, without costs, and complaint dismissed as against defendant-appellant. The Clerk is directed to enter judgment accordingly.
Plaintiff commenced this action seeking property damages allegedly resulting from the improper towing of his car, a 1993-model Mercedes-Benz, from a supermarket parking lot. At trial, plaintiff testified that he parked his car in a lot adjacent to defendant-appellant Western Beef Supermarket Inc.’s store premises between 11:00 a.m. and noon on the May day in question, and immediately entered the store to buy snacks for his children; that when he finished shopping 15 or 20 minutes later, he discovered that his car was missing and had been towed; and that the car was returned to him later that afternoon, upon his payment of $175 in fees to defendant Infinity Towing & Recovery Inc.
Included in plaintiffs sparse trial presentation was (1) a towing receipt issued for his car, bearing the notation “vehicle parked on private property and [driver] walked off,” and indicating that plaintiffs car was towed from the lot at 11:00 a.m. that day, and returned to him at 3:30 that afternoon, and (2) a store receipt indicating that plaintiff purchased items in defendant’s store at 3:14 p.m. that day. Further, the trial court took “judicial notice” of the presence in defendant’s parking lot of a posted sign limiting parking to two hours for “shopping only.” In a written decision rendered eight months after trial, Civil Court awarded judgment to plaintiff in the principal amount of $7,185, finding that plaintiff “sustained his burden with respect to the wrongful taking/conversion of his vehicle.”
Based upon the evidence adduced at trial and in the exercise of our authority to render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), we conclude that plaintiff failed to establish by competent evidence either that his car was parked in a manner consistent with the posted, two-hour shopping restrictions at the time of the towing, or that defendant lacked authority to remove his vehicle from the lot (see Sweeney v Bruckner Plaza Assoc., 57 AD3d 347 [2008]; Administrative Code of City of NY § 19-169.1). Indeed, plaintiffs own documentary evidence flatly contradicts his claim. As indicated, plaintiffs *33 store receipt, which was time stamped at 3:14 p.m., showed unassailably that he shopped in defendant’s store between three and four hours from the time he himself stated he initially parked in the supermarket lot (well beyond the two-hour maximum time limit displayed on defendant-appellant’s sign) and, indeed, more than four hours after plaintiffs car already had been towed. On this record, and given the glaring discrepancies in plaintiffs own chronology of events highlighted by the documentary evidence, plaintiff’s scenario—that a towing company was somehow called to the scene and removed his car, all within 15 or 20 minutes of plaintiffs initial arrival at the supermarket parking lot—must be rejected as implausible.
Were we not reversing and dismissing the action outright, we would substantially reduce the damage award. Inasmuch as the vehicle was returned to plaintiff within a few hours, the court improperly based its damage award upon the vehicle’s purported value (see Silverstein v Marine Midland Trust Co. of N.Y., 1 AD2d 1037, 1038 [1956]), in an amount which, we note, was improperly arrived at through the court’s reliance on an outside source (the Kelley Blue Book) and documents specifically excluded from evidence.
Lowe, III, PJ., Schoenfeld and Shulman, JJ., concur.