OPINION OF THE COURT
Per Curiam.
Final judgment, entered June 3, 2013, affirmed, without costs. Appeal from order (same court and Judge), dated July 1, 2013, dismissed, without costs, as academic.
Following a trial spanning four court days, the trial court issued a possessory judgment in landlord’s favor upon a finding that tenant did not primarily reside in the stabilized Manhattan apartment here at issue. We find unavailing tenant’s contention that the court’s decision and underlying findings of fact are against the weight of the evidence. On an appeal from a judgment after a bench trial, this court is authorized to grant the judgment warranted by the facts, “taking into account in a close case ‘the fact that the trial judge ha[s] the advantage of seeing the witnesses’ ” (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983], quoting York Mtge. Corp. v Clotar Constr. Corp., 254 NY 128, 133-134 [1930]). However, “the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court’s conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses” (Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]). Here, the record as a whole — including the stipulated fact that tenant, a dual American and Israeli citizen, lived in Israel for all but 54 days during the 3⅟2-year period (Jan. 2007 through June 2010) preceding the effective date of the underlying termination notice, and was shown to have unlawfully and surreptitiously sublet the Manhattan apartment during her extended absence — supports the court’s detailed findings of nonprimary residency.
Granted, tenant’s relocation to Israel may have been laudably motivated by her interest in providing needed “specialized” *72 therapeutic and educational services to her minor autistic son. However, as the trial court noted in its written decision, tenant failed to adequately explain why she and her son did not resume occupancy of the Manhattan apartment until June 2010, within weeks of landlord’s service of its Golub notice, when tenant’s own expert witness testified that, as early as August 2007, tenant’s son would have been eligible to apply for extensive public special education services in New York City, of the type that he in fact began receiving soon after the family’s return.
In all, we cannot say that the evidence so preponderated in favor of tenant that the verdict could not have been reached on any fair interpretation of the evidence (see generally Lolik v Big v Supermarkets, 86 NY2d 744, 746 [1995]).
Shulman, J.P., Hunter, Jr., and Ling-Cohan, JJ., concur.