Palmer v Hernandez (2018 NY Slip Op 07318)





Palmer v Hernandez


2018 NY Slip Op 07318


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-07060
 (Index No. 504115/14)

[*1]David Palmer, etc., et al., appellants, 
v
Kathryn Hernandez, etc., respondent, et al., defendant.


Helbraun & Levey LLP, New York, NY (Robert J. Ontell of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), entered May 31, 2016. The judgment, insofar as appealed from, after a nonjury trial, is in favor of the defendant Kathryn Hernandez and against the plaintiffs dismissing the cause of action alleging breach of contract.
ORDERED that the judgment is affirmed insofar as appealed from, without costs or disbursements.
The defendant Kathryn Hernandez formed NickCora Bella Ltd. (hereinafter the corporation). Thereafter, Hernandez entered into agreements with the plaintiffs Shamus King and David Palmer, on behalf of Palmer Systems Worldwide Trust (hereinafter Palmer Systems), for the transfer of shares of stock in the corporation to King and Palmer Systems, respectively. The plaintiffs commenced this action, inter alia, to recover damages for breach of contract, alleging that Hernandez breached the agreements by, among other things, failing to give them access to corporate books and records. In a judgment entered May 31, 2016, after a nonjury trial, the Supreme Court, inter alia, dismissed the cause of action alleging breach of contract.
"On appeal from a judgment entered after a nonjury trial, this Court may render the judgment it finds warranted by the facts, taking into account in a close case "the fact that the trial judge had the advantage of seeing the witnesses"'" (Arcamone-Makinano v Britton Prop., Inc., 156 AD3d 669, 672, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499, quoting York Mtge. Corp. v Clotar Constr. Corp., 254 NY 128, 133-134). Contrary to the plaintiffs' contention, the evidence adduced at trial, including Hernandez's testimony that the corporate books and records were made available to all shareholders on a monthly basis for inspection, supports the Supreme Court's determination that Hernandez did not breach the subject agreements.
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly dismissed the cause of action alleging breach of contract.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court