EB Management Properties, LLC, Respondent,
against
Sultan Al Maruf, Appellant.




Sultan Al Maruf, appellant pro se.
Cooper & Paroff, P.C. (Ira G. Cooper of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Queens County (Lydia C. Lai, J.), dated June 22, 2017, deemed from a final judgment of that court entered June 23, 2017 (see CPLR 5512 [a]). The final judgment, entered pursuant to the decision, insofar as appealed from as limited by the brief, after a nonjury trial, awarded landlord possession and the sum of $16,019.64, and dismissed tenant's counterclaim for breach of the warranty of habitability, in a nonpayment summary proceeding.




ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.
Insofar as is relevant to this appeal in this nonpayment proceeding, tenant interposed a counterclaim for breach of the warranty of habitability, including a bedbug infestation, and water collecting in the bedroom ceiling which led to a collapse of part of the ceiling. After a nonjury trial, the Civil Court awarded landlord a final judgment of possession and, reflecting no abatement, the sum of $16,019.64, and dismissed tenant's warranty-of-habitability counterclaim. 
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given [*2]substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
Landlords are required to maintain properties in a habitable condition and in accord with the uses reasonably intended by the parties (see Real Property Law § 235-b; Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]). To prevail on a defense or counterclaim based on a breach of the warranty of habitability, a tenant must offer proof as to the dates, severity and duration of the conditions complained of (see Sinclair v Ramnarace, 36 Misc 3d 150[A], 2012 NY Slip Op 51671[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Anoula Realty Corp. v Weiss, 16 Misc 3d 133[A], 2007 NY Slip Op 51496[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), and show that notice of the conditions was given to the landlord (see Anoula Realty Corp. v Weiss, 16 Misc 3d 133[A], 2007 NY Slip Op 51496[U]; New Franconia Assoc. v Popper, 2003 NY Slip Op 51116[U] [App Term, 1st Dept 2003]). Additionally, the tenant must show that the landlord was provided with access and an opportunity to repair the conditions, yet failed to do so (see 150-15 79th Ave. Owners Corp. v James, 31 Misc 3d 132[A], 2011 NY Slip Op 50506[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Upon a review of the record, we find that tenant failed to meet his burden. 
Accordingly, the final judgment, insofar as appealed from, is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 17, 2019