Upstate Forestry & Dev., LLC v McDonough Hardwoods Ltd. (2019 NY Slip Op 09156)





Upstate Forestry & Dev., LLC v McDonough Hardwoods Ltd.


2019 NY Slip Op 09156


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1138 CA 19-00096

[*1]UPSTATE FORESTRY AND DEVELOPMENT, LLC AND CHARLES NOWACK, PLAINTIFFS-RESPONDENTS,
v
MCDONOUGH HARDWOODS LTD., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






LAW OFFICE OF FRANCES E. BLAZER, ESQ., VERNON (WILLARD R. PRATT, III, OF COUNSEL), FOR DEFENDANT-APPELLANT.
BOUSQUET HOLSTEIN, PLLC, SYRACUSE (RYAN S. SUSER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, J.), entered June 12, 2018. The judgment awarded plaintiff Upstate Forestry and Development, LLC the sum of $24,639.89 as against defendant McDonough Hardwoods Ltd. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the first decretal paragraph and awarding damages to defendant McDonough Hardwoods Ltd. as against plaintiff Upstate Forestry and Development, LLC in the amount of $5,360.11 together with interest at the rate of 9% per annum, and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Oswego County, for further proceedings in accordance with the following memorandum: In this action, plaintiffs and McDonough Hardwoods Ltd. (defendant) assert claims and counterclaims, respectively, for breaches of various timber reassignment contracts into which Upstate Forestry and Development, LLC (plaintiff) and defendant entered over the course of several years. Defendant appeals from a judgment entered after a nonjury trial that, inter alia, awarded plaintiff $24,639.89 against defendant. In its decision, Supreme Court determined that defendant was entitled to recover $5,360.11 from plaintiff as a result of defendant's overpayment on certain contracts, but further concluded that plaintiff was entitled to recover $30,000 from defendant as a result of defendant's underpayment on another contract denominated the Russin timber reassignment contract. The court calculated the amount of plaintiff's damages by subtracting the $5,360.11 owed by plaintiff to defendant from the $30,000 owed to plaintiff.
We agree with defendant that the court erred in concluding that defendant breached the Russin contract by failing to pay all amounts owed. "Following a nonjury trial, the Appellate Division has authority . . . as broad as that of the trial court . . . and . . . may render the judgment it finds warranted by the facts' " (Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Here, in calculating the payments defendant made to plaintiff in connection with that contract, the court declined to credit defendant for a $30,000 check numbered 15471 that, although admitted in evidence, was unaccompanied by a check stub establishing for what contract that check was intended as payment. Plaintiff's owner, however, testified that he personally recorded payments from defendant as they were received, including payments made on the Russin contract. Plaintiff's owner further testified that the notes on the copy of the Russin contract entered in evidence, on which check number 15471 is marked as received, were in his handwriting. Thus, we conclude that defendant did not breach the Russin contract, and we therefore modify the judgment by vacating the first decretal paragraph awarding judgment in favor of plaintiff. Our decision leaves undisturbed the court's determination that defendant is entitled to recover $5,360.11, inasmuch as plaintiff did not cross-appeal from the judgment. However, because the court did not award judgment to defendant and instead reduced [*2]the amount of plaintiff's damages by the amount plaintiff owed to defendant, we further modify the judgment by awarding damages to defendant in that amount together with interest at the statutory rate, and we remit the matter to Supreme Court to determine the date from which that interest must be awarded (see CPLR 5001 [a]; 5004).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court