201 Avenue A Corp., Petitioner-Landlord-Respondent, 
against
Suzanne M. Rizzo and Susan Stark, Respondents-Tenants-Appellants, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.




Tenants, as limited by their briefs, appeal from (1) so much of a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about February 4, 2019, after a nonjury trial, which, in dismissing the petition in a holdover summary proceeding, denied tenants' counterclaim for attorneys' fees and (2) an order (same court and Judge), dated May 24, 2019, which denied tenants' motion pursuant to CPLR 4404(b) to set aside that portion of the final judgment denying them attorneys' fees.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about February 4, 2019, modified, with $30 costs, tenants' application for attorneys' fees granted and the matter remanded to Civil Court for a hearing to determine the reasonable attorneys' fees due tenants. Appeal from order (Jack Stoller, J.), dated May 24, 2019, dismissed, without costs, as academic.
Our authority to review the record developed at the bench trial and render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]) enables us to "reconsider the evidentiary rulings of the trial court" (DiLorenzo v Windermere Owners LLC, 174 AD3d 102, 114 [2019]). Exercising that authority, we find that the original 1985 lease agreement proffered by tenant Suzanne Rizzo should have been admitted into evidence as an ancient document, inasmuch as it was (1) more than 30 years old; (2) free of any indication of fraud or invalidity; and (3) maintained in a natural place of custody (see Tillman v Lincoln Warehouse Corp., 72 AD2d 40, 44-45 [1979]).
Addressing each requirement, the 1985 lease obviously was more than 30 years old. The lease was also in a natural place of custody, i.e., the possession of tenant Rizzo, one of the signatories to it (see Dodge v Gallatin, 130 NY 117, 133-134 [1891] ["documents found in a place in which and under the care of persons with whom such papers might naturally and [*2]reasonably be expected to be found, or in possession of persons having an interest in them, are in precisely the custody which gives authenticity to documents found within it" [internal citation omitted]]). 
The lease was also free of any indicia of fraud or invalidity. Contrary to the conclusion reached below, the inclusion of "non-boilerplate lease language" typed at the top of the signature page, rather than in a separate rider, permitting tenants to store their property in the northeastern corner room in the basement, is not indicative of fraud or invalidity. In this regard, there is no dispute that tenants have been in possession of the premises, including the basement storage space, since 1985 (see Jerome Prince, Richardson on Evidence § 3-124 [Farrell 11th ed 1995]), and landlord's own pleadings acknowledge the existence of a written lease for the apartment and basement storage space. We note, also, that the typewritten provision is in the same font as the other typewritten insertions on the face page of the pre-printed form lease, including the names of the parties, the term of the lease and the monthly and yearly rent. 
Given that the subject lease contains a provision entitling landlord to attorneys' fees (paragraph 16[D][3]), and that tenants were the prevailing parties upon the dismissal of this holdover proceeding, tenants are entitled to attorneys' fees pursuant to the reciprocal provisions of Real Property Law § 234. We remand the matter for a hearing to determine the reasonable value of attorneys' fees due tenants.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: February 3, 2020