U.S. Bank Trust, N.A. v Henderson (2025 NY Slip Op 05008)

U.S. Bank Trust, N.A. v Henderson

2025 NY Slip Op 05008

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-11067
 (Index No. 3701/10)

[*1]U.S. Bank Trust, N.A., etc., appellant, 
v
Heather Henderson, etc., respondent, et al., defendants.

Day Pitney LLP, New York, NY (Alfred W. J. Marks and Gregory R. Bruno of counsel), for appellant.
D. Giacomo Vilella, P.C. (Dennis Giacomo Vilella and Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated September 25, 2023. The order, after a nonjury trial, directed dismissal of the complaint insofar as asserted against the defendant Heather Henderson.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted for a new trial on the limited issue of the defendant Heather Henderson's default in payment with respect to the subject mortgage.
OneWest Bank, FSB (hereinafter OneWest), the plaintiff's predecessor-in-interest, commenced this action against the defendant Heather Henderson (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. A nonjury trial was held, at which Janet Gioello, an employee of the plaintiff's loan servicer, was the sole witness. Gioello testified as to factual issues related to standing, the defendant's default in payment, and notices served on the defendant. During her testimony, the plaintiff moved various documents into evidence. With respect to the defendant's default in payment, Gioello testified that the date of default was August 1, 2009, and no payments had been made since that date. After the plaintiff asserted that it had no more witnesses to call "at this time," the plaintiff requested a continuance to provide more documents, particularly on the issue of damages. In response, the defendant moved for a "trial order of dismissal" based on the plaintiff's failure to establish the defendant's default in payment under the terms of the note and mortgage. The defendant argued that the plaintiff did not submit any business record in admissible form "to show the date of default" or "the amount that's owing and due." The Supreme Court reserved decision.
Thereafter, by order dated September 25, 2023, the Supreme Court directed dismissal of the complaint insofar as asserted against the defendant, solely on the ground that the plaintiff failed to prove OneWest's standing to commence the action. The court did not make any determination on the issue of the defendant's default in payment. The plaintiff appeals. Both parties request as an alternative form of relief that the matter be remitted for further proceedings.
To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must [*2]produce the mortgage, the unpaid note, and evidence of default (see Christiana Trust v Rashid, 228 AD3d 822, 824; Bank of Am., N.A. v Bloom, 202 AD3d 736, 736). Additionally, where, as here, a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Christiana Trust v Rashid, 228 AD3d at 824).
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the witnesses" (U.S. Bank N.A. v Sakizada, 235 AD3d 800, 801; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Contrary to the Supreme Court's determination, the plaintiff established OneWest's standing to commence this action by demonstrating that a copy of the note bearing an endorsement in blank was annexed to the complaint when the action was commenced (see U.S. Bank Trust, N.A. v Atedgi, 236 AD3d 707, 709; Christiana Trust v Rashid, 228 AD3d at 824; Wells Fargo Bank, N.A. v Smith, 218 AD3d 832, 834). Since the plaintiff established standing through physical possession of the note prior to commencement of the action, "evidence regarding the assignment of the mortgage is irrelevant" (Wells Fargo Bank, NA v Moussa, 201 AD3d 1010, 1011; see Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 671).
Contrary to the plaintiff's contention, the notice of default and RPAPL 1304 notice submitted into evidence were insufficient to establish the alleged default in payment (see Bank of N.Y. Mellon v Mannino, 209 AD3d 707, 708; U.S. Bank N.A. v Rowe, 194 AD3d 978, 980). However, under the particular circumstances present here, including that the Supreme Court never ruled on the plaintiff's motion for a continuance to supplement the record and made no determination on the issue of the defendant's default in payment, we make no further determination on that issue. Instead, we remit the matter for a new trial on the limited issue of the defendant's default in payment.
MILLER, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court