█ GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant, v. CHEMICAL BANK, Respondent.— Order, Supreme Court, New York County, entered July 12, 1974, denying plaintiff's motion for summary judgment,

unanimously reversed, on the law, and the motion granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Upon the death of its insured, one Richard M. Maluk, plaintiff drew a check in the sum of $10,182, payable to Peter Maluk, the beneficiary of the $10,000 life insurance policy issued by plaintiff on the decedent's life. Plaintiff mailed this check to the insurance broker, who then forged the name of the beneficiary. The check was subsequently paid by defendant, the drawee bank. Under section 3-406 of the Uniform Commercial Code plaintiff would be precluded from asserting the forgery against the bank if, by its own negligence, it substantially contributed to the making of the unauthorized signature. The sending of the check to the broker was, according to plaintiff, pursuant to the usual practice of giving the broker the goodwill advantage of delivering the check to the beneficiary. Defendant, in opposition to plaintiff's motion for summary judgment, fails to show that this act was in any way negligent. There is no evidence of prior defalcation by the broker or of any prior acts which would have put plaintiff on notice of possible misappropriation of the funds. The record merely demonstrates the defendant's lack of vigilance in detecting the forgery. Moreover, since defendant has examined the broker and has had a discovery of the plaintiff, defendant fails to demonstrate how any further disclosure proceedings would be availing to produce new facts. The motion for summary judgment should have been granted. Concur — McGivern, P. J., Kupferman, Lupiano and Yesawich, JJ.