■ SUSAN PAUL, Respondent, v JEFFREY PAUL, Appellant. Susan Paul, respondent, v Jeffrey Paul, appellant. [759 NYS2d 374] —A matrimonial action in which the parties were divorced by judgment dated January 28, 1991, the defendant appeals from so much of (1) an order of the Supreme Court, Kings County (Marks, J.H.O.), dated October 22, 2001, as granted his motion for a downward modification of child support only to the extent of reducing his child support obligation by the sum of $15 per week, and (2) an order of the same court (Panepinto, J.), dated February 5, 2002, as granted the motion of the plaintiff to vacate a consent order dated April 17, 2001, to vacate an amended qualified domestic relations order dated September 26, 2001, and to vacate so much of the order dated October 22, 2001, as directed the plaintiff to repay certain amounts received by mistake from his disability retirement benefit.

Ordered that the order dated October 22, 2001, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated February 5, 2001, is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is denied, the consent order dated April 17, 2001, is reinstated, the amended qualified domestic relations order dated September 26, 2001, is reinstated, and those portions of the order dated October 22, 2001, which directed the plaintiff to repay certain amounts received by mistake from the defendant's disability retirement benefit are reinstated.

Contrary to the defendant's contention, under the facts of this case, the Supreme Court properly declined to apply the Child Support Standards Act (hereinafter the CSSA) in determining the amount of child support that he was required to pay the plaintiff on his motion for a downward modification

of child support. After a hearing on the defendant's motion, the Judicial Hearing Officer did not credit the defendant's contention that his earnings ability had decreased, and previously, the parties had knowingly stipulated that they would waive application of the CSSA provisions (*see* Domestic Relations Law § 240; *Seda v Seda,* 270 AD2d 475 [2000]).

However, we agree with the defendant that the Supreme Court erred in granting the plaintiff's motion to vacate a consent order, an amended qualified domestic relations order, and so much of an order dated October 22, 2001, as directed the plaintiff to repay certain amounts received by mistake from the defendant's disability retirement benefit. The consent order provided for the defendant to serve an amended qualified domestic relations order (hereinafter QDRO) on the plaintiff correcting the original QDRO, pursuant to which the defendant's former employer was paying the plaintiff a portion of the defendant's disability retirement benefit to which the plaintiff was not entitled (*see Dolan v Dolan,* 78 NY2d 463 [1991]). The defendant established that the plaintiff had ratified the authority of her counsel to enter into the consent order by failing to object to its terms for approximately seven months from the date thereof, and four months from the date of discovery (*see Broadmass Assoc. v McDonald's Corp.,* 286 AD2d 409 [2001]; *Suncoast Capital Corp. v Global Intellicom,* 280 AD2d 281 [2001]; *1420 Concourse Corp. v Cruz,* 175 AD2d 747, 749-750 [1991]).

The parties' remaining contentions are without merit. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.