■ MICHAEL CRIMI, Respondent, v NATIONAL LIFE INSURANCE COMPANY, Appellant. [767 NYS2d 444]—

In an action to recover damages for breach of contract and negligence, the defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), entered September 26, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was the insured on an annuity policy issued by the defendant, National Life Insurance Company, which had been obtained by an insurance broker, Anthony Schepis, a longtime friend of the plaintiff. When Schepis requested a loan from the plaintiff, the plaintiff agreed to "cash out" his annuity policy with the defendant, valued at over $70,000, and Schepis agreed to repay the loan within 30 days. The plaintiff executed a request for a surrender of the contract in April 1997, and a check made out to the plaintiff was forwarded to the defendant's general agent for delivery to Schepis, who was, in turn, to deliver the check to the plaintiff. Schepis, however, apparently forged the plaintiff's signature on the check, deposited it into his firm's account on May 2, 1997, and failed to repay the money despite repeated assurances that he would.

Thereafter, the plaintiff instituted legal action against Schepis, who ultimately filed for bankruptcy. It was not until approximately eight months after the check was issued by the defendant, and two months after the plaintiff informed a representative of the defendant that the transaction has worked out well that the plaintiff first informed the defendant that Schepis had wrongfully converted the funds. The plaintiff then instituted this action, alleging that the defendant's delivery of the surrender check directly to Schepis, who, the plaintiff maintained, acted as the defendant's agent, constituted both a breach of the insurance contract and a negligent act by the defendant. The Supreme Court denied the defendant's motion for summary judgment, finding that the defendant failed to satisfy its burden. We disagree, and accordingly, reverse.

Schepis, the insurance "broker" (*see* Insurance Law § 2101 [c]), acted as the plaintiff's agent in obtaining the insurance policy from the defendant at the outset, in submitting the surrender to the defendant on behalf of the plaintiff, and in receiving the check for delivery to the plaintiff (*see American Motorists Ins. Co. v Salvatore*, 102 AD2d 342 [1984]; *Jet Setting Serv. Corp. v Toomey*, 91 AD2d 431 [1983]). Accordingly, the plaintiff is bound by the action of his agent, Schepis, in securing the surrender check, forging the plaintiff's signature on the check, and converting the funds (*see Hutzler v Hertz Corp.*, 39 NY2d 209 [1976]; *Guardian Life Ins. Co. of Am. v Chemical Bank*, 47 AD2d 608 [1975]). Moreover, by assuring a representative of the defendant in November 1997 that the surrender transaction had worked out well, and failing to register any complaint with the defendant until approximately eight months after the check had been issued, the plaintiff ratified the actions of his agent, and accordingly, was bound by them (*see Matter of Silicone Breast*

*Implant Litig. [Clark v Bristol-Myers Squibb & Co.],* 306 AD2d 82 [2003]; *Holm v C.M.P. Sheet Metal,* 89 AD2d 229 [1982]). The defendant demonstrated its entitlement to judgment dismissing the claims for breach of contract and negligence as a matter of law, and the plaintiff failed to demonstrate the existence of a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Altman, J.P., Florio, Friedmann and Mastro, JJ., concur.