■ VICTORIA S. REINHOLD, Appellant, v JOSEPH M. DOWLING, Respondent. [826 NYS2d 682]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated August 19, 2005, which granted the defendant's motion for summary judgment dismissing the amended verified complaint, denied her cross motion, among other things, for summary judgment directing the defendant to specifically perform the contract of sale, and vacated the notice of pendency.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment dismissing the amended verified complaint is denied, and the cross motion for summary judgment directing the defendant to specifically perform the contract of sale is granted; and it is further,

Ordered that the Dutchess County Clerk is directed to reinstate the notice of pendency.

In December 1993 the defendant was appointed as a co-conservator for Norma S. Munro, a Connecticut resident. Munro, who is now deceased, owned an 11.7 acre lot of vacant land located in Dutchess County (hereinafter the premises). After an inquiry by the plaintiff, the conservatorship's counsel, C. Lawrence Paine, sent a letter to the plaintiff offering to sell her the premises for the sum of $75,000. The plaintiff accepted the offer in writing (hereinafter the letter agreement). A second letter detailing material elements of the agreement was then sent by Paine to the plaintiff.

The defendant and the co-conservator filed a signed application to the Court of Probate for the District of Sherman, located in Connecticut (hereinafter Sherman Probate Court), seeking authority to sell the premises. The Probate Court issued a "Decree of Sale" authorizing the conservatorship to sell the premises to the plaintiff. Subsequently, the co-conservators filed a signed petition in the Surrogate's Court, Dutchess County, seeking authority to sell the premises.

Upon Munro's death, the defendant was appointed as an executor of her estate. After learning that the value of the premises was considerably greater than $75,000, the defendant refused to convey the premises to the plaintiff.

The plaintiff commenced this action seeking, inter alia, specific performance of the letter agreement. The plaintiff also filed a notice of pendency with respect to the premises. The defendant moved for summary judgment dismissing the amended

verified complaint. The defendant asserted that the statute of frauds (*see* General Obligations Law § 5-703 [2]) barred enforcement of the letter agreement, contending, inter alia, that Paine did not have written authority to enter into the letter agreement. The plaintiff cross-moved for summary judgment seeking specific performance, contending that there was sufficient memoranda which established the existence of a valid contract and that the defendant ratified Paine's conduct. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion, concluding that enforcement of the letter agreement was barred by the statute of frauds. We reverse.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that there were sufficient memoranda, signed by the defendant, which stated the material terms of the parties' agreement and were sufficient to satisfy the statute of frauds (*see e.g. Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Crabtree v Elizabeth Arden Sales Corp.,* 305 NY 48, 55-56 [1953]; *see generally Matter of Urdang,* 304 AD2d 586, 587 [2003]; *Whitehorn Assoc. v One Ten Brokerage,* 264 AD2d 516, 517 [1999]). Moreover, the plaintiff made a prima facie showing that the defendant ratified Paine's conduct because the defendant, in writing, sought judicial authority to complete the sale and because there was evidence that the defendant was aware of, and consented to, the terms of the letter agreement (*see e.g. Crimi v National Life Ins. Co.,* 1 AD3d 309 [2003]; *Jill Real Estate v Smyles,* 150 AD2d 640 [1989]; *cf. Mashomack Fish & Game Preserve Club v Estate of Jackson,* 130 AD2d 464 [1987]). In opposition to the plaintiff's prima facie showings, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court should have denied the defendant's motion and granted the plaintiff's cross motion for summary judgment directing specific performance. Miller, J.P., Spolzino, Fisher and Dillon, JJ., concur.