■ HARRY KNECT et al., Appellants, v NASSAU COUNTY NATIVE AMERICANS, INC., et al., Respondents. [837 NYS2d 717]—

In an action to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Schmidt, J.), dated April 6, 2006, which granted that branch of the motion of the defendant Gary Melius which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order and judgment (one paper) of the same court dated June 15, 2006, which granted that branch of the motion of the defendant Nassau County Native

Americans, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and dismissed the complaint insofar as asserted against that defendant.

Ordered that the order dated April 6, 2006 and the order and judgment dated June 15, 2006 are affirmed, with one bill of costs.

The plaintiffs entered into an agreement and an amended agreement with the defendant Nassau County Native Americans, Inc. (hereinafter NCNA), whereby the plaintiffs would assist NCNA in its efforts to secure a management agreement to operate a casino on the St. Regis Mohawk Indian Reservation. The defendant Gary Melius is the president of NCNA. The agreements were between the plaintiffs and NCNA. Melius signed the agreements solely in his capacity as president of NCNA. Melius did not personally contract to perform any act in his individual capacity. Melius thus established his entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]) and the plaintiffs failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Therefore, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against Melius.

Respective counsel for NCNA and the plaintiffs entered into discussions as to settlement of the plaintiffs' claim for payment under the default provisions of the amended agreement. Contrary to the plaintiffs' assertion, there could have been a legitimate dispute in December 1999 as to both the amount owed and when it was owed. An accord and satisfaction thus could have been reached on the plaintiffs' claim (*cf. Grandell Rehabilitation & Nursing Ctr., Inc. v Serby,* 21 AD3d 346 [2005]; *Moweta v Citywide Home Improvements of Queens,* 267 AD2d 438 [1999]).

The defendant NCNA established its entitlement to judgment as a matter of law on the basis of an accord and satisfaction (*see Winegrad v New York Univ. Med. Ctr., supra*). The plaintiffs did not in any way assert that their attorney did not have actual authority to settle the claim against NCNA, let alone raise a triable issue of fact as to such authority. The plaintiffs did not move to set aside the settlement reached on their behalf by their attorney. In addition, they did not raise any formal claim against NCNA until this action was commenced some 19 months after the plaintiffs' receipt of the settlement amount from NCNA. That delay implicitly ratified the settlement (*see Crimi v National Life Ins. Co.,* 1 AD3d 309 [2003]; *Paul v Paul,* 305 AD2d 565 [2003]; *Broadmass Assoc. v McDonald's Corp.,* 286 AD2d 409 [2001]).

As the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City Of New York, supra*), the Supreme Court properly awarded NCNA summary judgment dismissing the complaint insofar as asserted against it. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.