In an action, inter alia, to recover damages for breach of contract, the defendants Thomas Sauers and Amity Auto Glass appeal from a judgment of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated August 15, 2011, which, upon a decision of the same court dated July 25, 2011, made after a nonjury trial, is in favor of the plaintiff and against the defendant Thomas Sauers in the principal sum of $89,000, with interest from July 1, 2008.
Ordered that the appeal by the defendant Amity Auto Glass is dismissed, as that defendant is not aggrieved by the judgment appealed from (see CFLR 5511), and, in any event, that appeal has been abandoned (see 22 NYCRR 670.8 [e]); and it is further,
Ordered that the judgment is reversed on the appeal by the defendant Thomas Sauers, on the facts, and the complaint is dismissed insofar as asserted against the defendant Thomas Sauers; and it is further,
Ordered that one bill of costs is awarded to the defendant Thomas Sauers.
The plaintiff commenced this action to recover on an alleged loan he made in the sum of $180,000 pursuant to an oral agreement. As relevant here, the plaintiff alleged that the defendant Thomas Sauers was personally liable for the repayment of the loan. The plaintiff alternatively alleged, inter alia, that a corporation formed by Sauers and another individual, T&M Quality Glass Corp. (hereinafter T&M Corp.), was liable for the repayment of the loan.
At a nonjury trial, the plaintiff and his wife each testified that *508 Sauers had been a family friend who had requested a loan to expand his auto glass business. Sauers similarly testified that the loan was to be used to purchase an existing auto glass company and for a down payment on two buildings to be used for corporate purposes. The evidence adduced at trial demonstrated that the plaintiff gave Sauers four chécks, which were made out to T&M Corp. in its trade name, and were deposited in the corporate account of T&M Corp. Funds were later withdrawn from the corporate account and used to purchase the existing business, but the buildings were never purchased. Sauers testified that the remaining funds were used to cover operating expenses of T&M Corp., and the plaintiff did not controvert this testimony.
The Supreme Court concluded that Sauers was personally liable for the repayment of the entire loan. Accordingly, it entered judgment in favor of the plaintiff and against him in the principal sum of $89,000, representing the unpaid balance of the loan.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Baba-Mi v State of New York, 19 NY3d 627, 640 [2012]; Northern Westchester Professional Park Assoc, v Town of Bed-ford, 60 NY2d 492, 499 [1983]; Fidan v NAYCI Contr. & Custom Cabinetry Corp., 101 AD3d 801 [2012]).
Here, the parties understood that the funds were intended to be used for corporate purposes, were advanced to the corporation, were deposited in the corporation’s account, and were actually used for corporate purposes. Furthermore, the plaintiff failed to adduce evidence that Sauers agreed to be personally responsible for repaying the loan prior to the advancement of the funds. Under the circumstances presented here, the Supreme Court’s determination that Sauers agreed to be personally liable for the debt alleged by the plaintiff was not warranted by the facts (see Melius v Breslin, 46 AD3d 524, 525 [2007]; see also Glazer v Ottimo, 84 AD3d 1023, 1024 [2011]; Kallman v Pinecrest Modular Homes, Inc., 81 AD3d 692, 693 [2011]; Knect v Nassau County Native Ams., Inc., 41 AD3d 435, 436 [2007]). Accordingly, the judgment must be reversed and the complaint dismissed insofar as asserted against Sauers. Rivera, J.E, Chambers, Hall and Miller, JJ., concur. [Prior Case History: 32 Misc 3d 1224(A), 2011 NY Slip Op 51405(U).]