■ MICHAEL MORRONE et al., Respondents, v RALPH T. COSTAGLIOLA, Appellant, et al., Defendant. [58 NYS3d 468]—In an action to recover damages for breach of contract, the defendant Ralph T. Costagliola appeals from a judgment of the Supreme Court, Kings County (Archer, Ct. Atty. Ref.), entered March 9, 2015, which, upon a decision of the same court dated February 12, 2015, made after a nonjury trial, is in favor of the plaintiffs and against him in the principal sum of $160,000.

Ordered that the judgment is affirmed, with costs.

" 'In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses' " (*Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 691 [2012], quoting *BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d

883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Where the court's findings of fact " 'rest in large measure on considerations relating to the credibility of witnesses,' deference is owed to the trial court's credibility determinations" (*Tornheim v Blue & White Food Prods. Corp.*, 88 AD3d 867, 868 [2011], quoting *Anderson v Mastrangelo*, 18 AD3d 677, 677 [2005]; *see Trimarco v Data Treasury Corp.*, 146 AD3d 1004, 1007-1008 [2017]).

Here, according deference to the Supreme Court's credibility assessments, the determination that the parties orally entered into a series of valid personal loan agreements that the defendant Ralph T. Costagliola breached by failing to repay was warranted by the facts. Moreover, contrary to Costagliola's contention, the loans were not void under the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]), because there was no evidence demonstrating that the loans had " 'absolutely no possibility in fact and law' " of being repaid within a year (*Micena v Katz*, 68 AD3d 826, 827 [2009], quoting *D & N Boening v Kirsch Beverages*, 63 NY2d 449, 454 [1984]; *see Cron v Hargro Fabrics*, 91 NY2d 362, 366-367 [1998]; *JNG Constr., Ltd. v Roussopoulos*, 135 AD3d 709, 710 [2016]; *Stillman v Kalikow*, 22 AD3d 660, 662 [2005]). Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.