Samuel Popkoff, Appellant, 
against
Extra Space Management, Inc., Respondent.




Samuel Popkoff, appellant pro se.
Eustace, Marquez, Epstein, Prezioso & Yapchanyk (Regina Dely-Lazard of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Richmond County (Theresa M. Ciccotto, J.), entered May 21, 2014. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is affirmed, without costs.
Plaintiff brought this action, sounding in breach of contract, to recover the principal sum of $25,000 based upon defendant's "[f]ailure to return [his] property." At a nonjury trial, plaintiff presented evidence that he had entered into a contract with defendant to rent a storage unit in defendant's facility to store his deceased parents' "valuable" items and that, after Hurricane Sandy had flooded the facility, defendant had improperly discarded his stored items, that were "salvageable," into a dumpster. Following the trial, the Civil Court dismissed the complaint, finding, among other things, that plaintiff had failed to establish that defendant had breached the subject contract and that, in any event, plaintiff had failed to establish his damages, to wit, the value of the items that he alleged had improperly been disposed of by defendant.
In reviewing a determination made after a nonjury trial, this court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Morrone v Costagliola, 151 AD3d 1055, 1055-1056 [2017]; Sub10k, Inc. v National Mktg. Servs., Ltd., 31 AD3d 744, 744 [2006]).
Upon a review of the record, we find that the determination of the Civil Court that plaintiff had failed to meet his burden of establishing defendant's breach of the contract and his actual damages was warranted by the facts. Plaintiff's remaining contentions are either without [*2]merit or unpreserved for our review.
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2018