Khattena Johnston, Respondent,
against
Wisdom Financial East Coast Leasing, Appellant.




D'Ambrosio & D'Ambrosio, P.C. (James J. D'Ambrosio of counsel), for appellant.
Khattena Johnston, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered August 1, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $714.91.




ORDERED that the judgment is affirmed, without costs.
In this action, plaintiff seeks to recover the principal sum of $10,000 based on defendant's alleged breach of a lease. The evidence at a nonjury trial showed that, on February 19, 2014, plaintiff had entered into a 63-month lease of a used car from defendant, and that, upon leasing the car, plaintiff had made a lump sum "capitalized cost reduction" payment, as well as an initial monthly payment of $399.94. On October 1, 2015, while plaintiff was current on the payments required under the lease, a "boot" was placed on the car, rendering it unusable. It was established that the New York State Department of Motor Vehicles (DMV) had caused the car to be booted because there were outstanding, unpaid tickets on other cars owned by defendant. The car remained booted until November 18, 2015, at which time plaintiff sought, but did not receive, defendant's assurance that the car would not be booted again in the future. Plaintiff thereupon declined defendant's offer to regain possession of the car and resume making payments on the lease. Following the trial, the Civil Court awarded judgment to plaintiff in the principal sum of $714.91. Defendant appeals.
In reviewing a determination made after a nonjury trial, this court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern [*2]Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Morrone v Costagliola, 151 AD3d 1055, 1055-1056 [2017]; Popkoff v Extra Space Mgt., Inc., 60 Misc 3d 134[A], 2018 NY Slip Op 51053[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
The essential elements of a cause of action for breach of contract are the existence of a contract, the plaintiff's performance pursuant to that contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594 [2017]; Alliance Natl. Ins. Co. v Absolut Facilities Mgt., LLC, 140 AD3d 810, 810 [2016]; Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127 [2011]). Here, defendant introduced a copy of the parties' lease into evidence. It was undisputed that plaintiff had performed under the lease until the car had been booted because of the pendency of unpaid tickets on other cars owned by defendant. Defendant was thus ultimately responsible for plaintiff's loss of use of the car. By reason of the booting, plaintiff's "expectation of receiving due performance" under the lease was impaired (UCC 2-A-401 [1]), and plaintiff had reasonable grounds for insecurity with respect to defendant's future performance. Whether we construe defendant's failure to assure plaintiff of its future performance under the lease as an anticipatory repudiation of the remaining portion of the lease contract (see UCC 2-A-402) or conclude that plaintiff justifiably cancelled the lease based on defendant's breach thereof (see UCC 2-A-508 [1] [a]), plaintiff was entitled to recover damages based on defendant's default (see UCC 2-A-505 [1]; 2-A-508), including her incidental and consequential damages (see UCC 2-A-519; 2-A-520). The evidence, which established that plaintiff had prepaid the rent for a portion of the time during which the car had been booted, and had made a capitalized cost reduction payment which was part of the total 63-month lease obligation (see Sanders v Gold Key Lease, Inc., 906 F Supp 197, 201 [SD NY 1995]; see also 12 CFR 213.4 [f] [2]), was sufficient to demonstrate that plaintiff had sustained losses of at least $714.91. 
Accordingly, the judgment is affirmed.
ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2018