Tracy Austria, Appellant,
against
Jonathan Thorpe, Respondent.




Tracy Austria, appellant pro se.
Jonathan Thorpe, respondent pro se (no brief filed).

Appeal from a judgment of the City Court of Newburgh, Orange County (E. Loren Williams, J.), entered March 27, 2017. The judgment, after an inquest, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the City Court for the entry of a judgment in favor of plaintiff in the principal sum of $150.
In this small claims action, plaintiff seeks to recover the principal sum of $150, which is the amount remaining unpaid on a $300 loan plaintiff allegedly made to defendant. After defendant defaulted in appearing, plaintiff stated at an inquest that she and defendant had been coworkers; that she had loaned defendant $300 for his use on a vacation; that defendant was supposed to repay her after his receipt of a paycheck, but instead, following a six-month delay, had repaid only $150; and that defendant had failed to repay the $150 balance plaintiff was owed. Plaintiff showed the court a cleared check in the sum of $300, payable to defendant. There was no written agreement between the parties or other writing confirming the loan. Following the inquest, the City Court dismissed the action based on the lack of a written agreement between the parties.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, [*2]269 AD2d 125 [2000]).
While the statute of frauds requires that some agreements be in writing, there is no requirement that an agreement to repay a personal loan be in writing if, as here, the agreement can be performed within one year from the making of the agreement (see General Obligations Law § 5-701 [a] [1]; see also Morrone v Costagliola, 151 AD3d 1055, 1056 [2017]). Thus, the City Court's dismissal of this action based on the lack of a written agreement failed to render substantial justice between the parties according to the rules and principles of substantive law (see UCCA 1804, 1807).
We further conclude that, since plaintiff made out a prima facie case of liability and damages at the inquest, she established her entitlement to a $150 judgment (see Ghelani v Abuhamdeh, 59 Misc 3d 135[A], 2018 NY Slip Op 50511[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Aristilde v Parsley, 1 Misc 3d 127[A], 2003 NY Slip Op 51539[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]).
Accordingly, the judgment is reversed and the matter is remitted to the City Court for the entry of a judgment in favor of plaintiff in the principal sum of $150.
RUDERMAN, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 10, 2019