Hananel Ben Shlomo, Respondent,
against
3D Super Center, Inc., and Mohamed Sarhan, Appellants.




Usher Law Group, P.C. (Mikhail Usher of counsel), for appellants.
Tamir Law Group, P.C. (Yeshaya Gorkin of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered October 3, 2017. The judgment, after a joint nonjury trial of so much of two separate actions brought against both defendants as was against defendant Mohamed Sarhan, and after a joint inquest with regard to so much of the two actions as was against defendant 3D Super Center, Inc., and upon a posttrial and postinquest order of that court dated August 17, 2017 consolidating the two actions under the above-captioned Civil Court index number, awarded plaintiff the principal sum of $17,500 as against each defendant.




ORDERED that so much of the appeal as is from the portion of the judgment entered against defendant 3D Super Center, Inc. is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the judgment, insofar as reviewed, is affirmed, without costs.
Plaintiff commenced two separate actions by summonses with endorsed complaints, each against both defendants 3D Super Center, Inc. (3D) and Mohamed Sarhan (Sarhan), seeking to recover the principal sums of $24,210 and $25,000, respectively. 3D failed to appear or answer either of the complaints. At a joint nonjury trial as to defendant Sarhan and a joint inquest as to 3D, plaintiff and Sarhan testified that they had wanted to create a business. To that end, Sarhan had formed 3D, which went into the business of selling engraved customized crystal gift items from a kiosk in a mall. Plaintiff testified, and Sarhan did not dispute, that, in furtherance of the [*2]business, plaintiff had made repeated payments to Sarhan. Plaintiff characterized some of the payments as personal loans to Sarhan, and said he had received only partial repayment thereof. However, plaintiff and Sarhan both indicated in their testimony that, in consideration for at least a portion of the money that plaintiff had paid to Sarhan, plaintiff was supposed to receive 40% of the shares in 3D and also to share equally in 3D's profits and losses. Ultimately, 3D went out of business. The court reviewed a number of documents, including 3D's federal tax return, which set forth that Sarhan owned all of the shares in 3D. 
Following the joint trial and inquest, the Civil Court, by order dated August 17, 2017, consolidated both actions under the above-captioned Civil Court index number, and awarded judgment to plaintiff of $17,500 against each defendant.
On appeal, Sarhan's contention is, in effect, that plaintiff's only cause of action was against 3D, and that the court erred by "piercing the corporate veil" to render a judgment against Sarhan. However, to the extent that the Civil Court's judgment rested on considerations relating to the credibility of witnesses, it is entitled to deference (see Morrone v Costagliola, 151 AD3d 1055, 1056 [2017]). Since the evidence was sufficient to establish a cause of action against Sarhan, individually, for breach of a loan contract (see id.), so much of the judgment as is against Sarhan should be affirmed.
While, from the record in this matter, we are unable to determine the precise amount that plaintiff paid Sarhan, either for an ownership interest in 3D or in unpaid personal loans, we note that Sarhan does not challenge the amount of the judgment.
We reach no other issue.
Accordingly, the judgment, insofar as reviewed, is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 4, 2019