Crows Nest Mar., Inc. v Delapaz (2020 NY Slip Op 01597)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Crows Nest Mar., Inc. v Delapaz

2020 NY Slip Op 01597

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-03708
(Index No. 1009/08)

[*1]Crows Nest Marina, Inc., respondent, 
vJose Delapaz, appellant.

Steven Greenfield, Westhampton Dunes, NY, for appellant.
David A. Bythewood, Mineola, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered March 18, 2015. The judgment, upon a decision of the same court (Michelle M. Woodard, J.) dated December 10, 2014, made after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $30,204.
ORDERED that the judgment is modified, on the facts, by reducing the award to the plaintiff from the principal sum of $30,204 to the principal sum of $12,841.90; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.
The plaintiff, the owner of a marina, commenced this action against the defendant, inter alia, to recover damages for breach of contract based upon the defendant's alleged failure to pay repair and dockage fees associated with his two boats. After a nonjury trial, the Supreme Court issued a judgment in favor of the plaintiff and against the defendant in the principal sum of $30,204. The defendant appeals.
In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; STL Rest. Corp. v Microcosmic, Inc., 150 AD3d 786, 787). Where the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations (see Morrone v Costagliola, 151 AD3d 1055, 1055). Here, in light of the evidence presented at trial, and giving the Supreme Court's credibility determinations due deference, we find no basis to disturb the court's determinations with respect to liability (see id. at 1055-1056).
Nevertheless, the Supreme Court should not have awarded the plaintiff the principal sum of $30,204. The evidence presented at trial established that the defendant failed to pay $12,841.90 of the total amount he was charged for the repair and storage services that the plaintiff provided to him. Therefore, the plaintiff was entitled to recover the principal sum of only [*2]$12,841.90 from the defendant, and we modify the judgment accordingly.
The parties' remaining contentions are without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court