Davis v Khani (2022 NY Slip Op 01141)





Davis v Khani


2022 NY Slip Op 01141


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-06660
 (Index No. 6057/09)

[*1]Althea Davis, respondent,
v
John Khani, et al., appellants, et al., defendants.


Bernard Mitchell Alter, Brooklyn, NY, for appellants.
Althea Davis, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for breach of contract, the defendants John Khani, David Manesh, Built Up Incorporated, and Melody Development Incorporated appeal from a judgment of the Supreme Court, Kings County (Wavny Toussaint, J.), dated February 16, 2018. The judgment, upon a decision of the same court dated December 20, 2017, made after a nonjury trial, is in favor of the plaintiff and against those defendants in the principal sum of $275,530.
ORDERED that the judgment is modified, on the facts, by reducing the award to the plaintiff from the principal sum of $275,530 to the principal sum of $220,218.28; as so modified, the judgment is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.
In February 2009, the plaintiff, the owner of a newly built three-family residential property in Brooklyn (hereinafter the property), commenced an action against the defendants Built Up Incorporated (hereinafter Built Up) and Melody Development Incorporated (hereinafter Melody Development) to recover damages for breach of contract (hereinafter the first action). The plaintiff alleged that Built Up and Melody Development failed to comply with the terms of a contract of sale dated January 31, 2006, between the plaintiff, as buyer, and Built Up, identified as the seller of the property. The plaintiff also alleged breaches of three additional agreements entered into by the same parties, which were intended to survive the April 7, 2006 closing. Specifically, the seller agreed to complete certain repairs and to renovate the property prior to the closing, while other repairs were to be completed within seven days of the closing. The seller also agreed to process and complete a New York City real estate tax abatement for the property by May 31, 2006, upon the plaintiff's payment of $4,000, which payment the plaintiff undisputedly made, and to pay all water charges due and owing on the property up to and including the date of closing upon the production of an actual water reading (hereinafter the water bill agreement). Only Melody Development joined issue.
In April 2012, the plaintiff commenced another action (hereinafter the second action) against, among others, Melody Development, Built Up, and the defendants David Manesh and John Khani, the president and vice president, respectively, of Melody Development and the sole shareholders of Built Up (hereinafter collectively the defendants). The second action sought, inter alia, to recover damages for breach of contract, alleging that the defendants failed to remedy [*2]construction defects, among other things, and failed to comply with the three additional agreements entered into at the closing. Melody Development, Manesh, and Khani joined issue and, inter alia, asserted various affirmative defenses. The two actions were consolidated and proceeded to a nonjury trial. After the trial, the Supreme Court issued a judgment in favor of the plaintiff and against the defendants in the principal sum of $275,530. The defendants appeal.
"In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses" (Home Const. Corp. v Beaury, 149 AD3d 699, 701; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). "[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Crows Nest Mar., Inc. v Delapaz, 181 AD3d 644, 645). Here, in light of the evidence presented at trial, and giving the Supreme Court's credibility determinations due deference, we find no basis to disturb the court's determinations with respect to liability (see id. at 645).
Nevertheless, the Supreme Court should not have awarded the plaintiff the principal sum of $275,530. The evidence presented at trial did not establish that the plaintiff's outstanding water charge of $57,345.18 as of June 8, 2017, was attributable to the defendants' breach of the water bill agreement in its entirety. Evidence presented by the plaintiff showed a charge in the amount of $2,033.46 as of April 17, 2006, 10 days after the closing, which the defendants do not dispute. Therefore, the plaintiff was entitled to recover only $2,033.46 from the defendants with respect to her claim for outstanding water charges, and we modify the judgment accordingly.
The defendants' remaining contention is without merit.
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court