Castaldi v Syosset Cent. Sch. Dist. (2022 NY Slip Op 01285)





Castaldi v Syosset Cent. Sch. Dist.


2022 NY Slip Op 01285


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-10967
 (Index No. 607424/16)

[*1]Robert Castaldi, et al., respondents, 
v
Syosset Central School District, defendant, Oyster Bay-East Norwich Central School District, appellant.


Frazer & Feldman, LLP, Garden City, NY (James H. Pyun and Laura M. Dilimetin of counsel), for appellant.
Forchelli Deegan Terrana LLP, Uniondale, NY (Gregory S. Lisi, Richard A. Blumberg, and Lisa M. Casa of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs' property is intersected by the boundary lines of the Oyster Bay-East Norwich Central School District and the Syosset Central School District, the defendant Oyster Bay-East Norwich Central School District appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered August 9, 2018. The judgment, upon an order of the same court entered October 16, 2017, inter alia, denying that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and upon a decision of the same court dated July 11, 2018, made after a nonjury trial, declared that the property is intersected by the boundary lines of the Oyster Bay-East Norwich Central School District and the Syosset Central School District.
ORDERED that the judgment is affirmed, with costs.
In 2015, the plaintiffs listed their home in Oyster Bay Cove (hereinafter the property) for sale, and were advised by the listing agent that there could be a substantial difference in the sale price depending on whether residents of the property were eligible to send their children to the Syosset Central School District (hereinafter the Syosset District). Also in 2015, the plaintiffs sought to have the defendant Oyster Bay-East Norwich Central School District (hereinafter the Oyster Bay District) recognize their property as intersected by the boundary lines of both the Oyster Bay District and the Syosset District, thereby entitling any residents of the property to designate either of those school districts pursuant to Education Law § 3203.
In July 2016, the plaintiffs entered into a contract of sale for the property, which contained a condition that the prospective buyers must be able to designate the Syosset District for their children. In an email dated August 12, 2016, the superintendent of the Oyster Bay District advised the prospective buyers that it was premature to confirm whether they would be able to designate the Syosset District for their children, but that "if such a determination could be made at this point, it . . . would have to be denied as it appears that the entirety of the property is within the Oyster Bay[ ] . . . District." The prospective buyers subsequently elected to cancel the contract of sale.
In September 2016, the plaintiffs commenced this action, inter alia, for a judgment declaring that the property is intersected by the boundary lines of the Oyster Bay District and the Syosset District. Thereafter, the plaintiffs moved for summary judgment on the complaint, and the Oyster Bay District cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order entered October 16, 2017, the Supreme Court denied the motion and the cross motion. On August 9, 2018, after a nonjury trial, the court entered a judgment in favor of the plaintiffs declaring that the property is intersected by the boundary lines of the Oyster Bay District and the Syosset District. The Oyster Bay District appeals.
Contrary to the Oyster Bay District's contention, the Supreme Court properly denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it on the ground of lack of standing. A defense of lack of standing is waived if not asserted in an answer or a pre-answer motion to dismiss (see CPLR 3211[e]; McLean v Sachem Cent. Sch. Dist., 186 AD3d 470, 472; JNG Constr., Ltd. v Roussopoulos, 170 AD3d 1136, 1140). Here, the Oyster Bay District waived the issue of the plaintiffs' standing by failing to assert lack of standing as an affirmative defense in its answer or to make a pre-answer motion to dismiss the complaint on the ground of lack of standing.
The Supreme Court also properly denied the Oyster Bay District's cross motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the action was time-barred, since this action was governed by the six-year statute of limitations under CPLR 213(1), rather than the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78 (see Village of Islandia v County of Suffolk, 162 AD3d 715, 717).
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (McGowan v State of New York, 79 AD3d 984, 986, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; see Wells Fargo Bank, N.A. v Cherot, 197 AD3d 773, 775).
Here, the Supreme Court properly determined that the property is intersected by the boundary lines of the Oyster Bay District and the Syosset District. At trial, the plaintiffs presented the testimony of Joseph Petito, an expert in land surveying, who testified that the property was bisected by the boundary lines for both school districts, and that a triangle-shaped area of approximately 190 square feet of the property was situated within the Syosset District, as evidenced by a 1977 subdivision map. Petito further testified that subsequent tax maps relied on by the Oyster Bay District were not reliable to determine the school district boundary lines, since they were inaccurate, not created by a surveyor, and prepared only for the purpose of assessing taxes. The Oyster Bay District did not rebut that testimony at trial. Thus, the court's determination that the property is intersected by the boundary lines of the Oyster Bay District and the Syosset District was warranted by the evidence at trial.
The Oyster Bay District's remaining contentions are either not properly before this Court or without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court