Rimberg v Horowitz (2022 NY Slip Op 03914)

Rimberg v Horowitz

2022 NY Slip Op 03914

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-12604
 (Index No. 508116/14)

[*1]Robert Rimberg, respondent,
v
Harry Horowitz, appellant.

Alan J. Firestone, Staten Island, NY, for appellant.
Goldberg & Markus PLLC, New York, NY (Israel Goldberg and Helen J. Setton of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Kings County (Devin P. Cohen, J.), dated September 27, 2019. The judgment, upon a decision of the same court dated June 17, 2019, made after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $30,000.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover the sum of $30,000, allegedly representing the unpaid balance of sums advanced on behalf of the defendant upon an oral agreement. At the nonjury trial, the plaintiff testified that the parties' agreement, entered into in early 2010, was for the purchase of three mortgage loans from JPMorgan Chase Bank (hereinafter Chase) using sums advanced, in part, by the plaintiff on behalf of the defendant, and, in other part, by nonparty Alex Varvaris, with the mortgage loans to be resold within 90 days to third parties, at which time the plaintiff would be repaid. The plaintiff further testified that after he wired $630,000 to Chase, the defendant informed him that the third-party sale had fallen through. According to the plaintiff, when he demanded that the defendant pay back his $630,000, the defendant replied by saying, inter alia, "let me work with Alex," and "I'm sure I can get him to do it." Thereafter, the plaintiff received checks totaling only $600,000. Upon receipt of that payment, and upon an assurance from the defendant that he would pay the remaining $30,000, the plaintiff assigned his 50% interest in the mortgage loans to an entity "associated" with Varvaris. The plaintiff testified that he repeatedly asked the defendant for the remaining $30,000, and the defendant said he was "trying to get Alex to pay it."
The defendant also testified at trial, and denied borrowing any money. The defendant testified that he knew of someone who was selling three notes, and he also knew that both the plaintiff and Varvaris were interested in buying notes. The defense theory was that, if there was any debtor, it was Varvaris, who agreed to remit $630,000 to the plaintiff, but that Varvaris subsequently "shorted" the plaintiff $30,000.
In a decision after trial, the Supreme Court held in favor of the plaintiff and against the defendant, finding, inter alia, that "the agreement was between the plaintiff and defendant, with [*2]defendant as borrower." Thereafter, a judgment dated September 27, 2018, was entered upon the decision in the principal sum of $30,000, and the defendant appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case, that the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Castaldi v Syosset Cent. Sch. Dist., 203 AD3d 690, 692; Crozier v Sauers, 109 AD3d 507, 508; Matter of Capizola v Vantage Intl., 2 AD3d 843). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Crows Nest Mar., Inc. v Delapaz, 181 AD3d 644, 645; see Matter of Kassab v Kasab, 195 AD3d 832, 836). Here, in light of the evidence presented at trial, and giving the Supreme Court's credibility determinations due deference, we find no basis to disturb the court's determinations (see Crows Nest Mar., Inc. v Delapaz, 181 AD3d at 645; Morrone v Costagliola, 151 AD3d 1055, 1056).
The Supreme Court properly rejected the defendant's contention that the breach of contract cause of action was barred by the statute of frauds. Contrary to the defendant's contention, General Obligations Law § 5-703 is not applicable to the oral agreement at issue here (see Flyer v Sullivan, 284 App Div 697, 698-699). General Obligations Law § 5-701(a)(2), raised by the defendant for the first time on appeal, is likewise not applicable to the facts of this case, as the court did not find, nor did either party testify, that the defendant promised to answer for a debt owed by Varvaris (see id.).
To the extent the defendant argues that the plaintiff lacks standing or the capacity to sue, the defendant waived that affirmative defense (see CPLR 3211[a][3]) by failing to raise it in a pre-answer motion to dismiss or assert it in his answer (see id. § 3211[e]; Castaldi v Syosset Cent. Sch. Dist., 203 AD3d at 691-692). Also, while the defendant's answer included the affirmative defense of failure to join a necessary party, the defendant failed to demonstrate that the alleged necessary party needed to be a party if complete relief was to be accorded between the parties or that the alleged necessary party would be inequitably affected by a judgment in this action if it were not joined (see CPLR 3211[a][10]; 1001[a]; Blatt v Johar, 177 AD3d 634, 636; Halliwell v Gordon, 61 AD3d 932, 935).
Accordingly, we decline to disturb the Supreme Court's determination awarding judgment in favor of the plaintiff.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court