Yuen v Guo Wei Zhong (2022 NY Slip Op 05111)

Yuen v Guo Wei Zhong

2022 NY Slip Op 05111

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-06562
 (Index No. 3297/16)

[*1]Susanna Yuen, respondent,
v
Guo Wei Zhong, appellant.

James Costo, New York, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Kings County (Carl J. Landicino, J.), dated April 11, 2019. The judgment, after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $71,300.
ORDERED that the judgment is affirmed, without costs or disbursements.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Castaldi v Syosset Cent. Sch. Dist., 203 AD3d 690, 692 [internal quotation marks omitted]; see Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499). In this case, the evidence submitted at trial by the plaintiff, which included her trial testimony and written exhibits, including agreements and receipts signed by the defendant, supported the Supreme Court's determination that the plaintiff loaned the defendant certain sums of money and that the defendant repaid the plaintiff only in part, leaving an outstanding balance of $71,300.
Further, the Supreme Court correctly determined that the defendant failed to establish that a prior action between the same parties in the Civil Court of the City of New York, which was dismissed for failure to prove a prima facie case, involved the same issues as those raised in the instant action, and thus failed to demonstrate that the instant action was barred by the doctrine of collateral estoppel (see Matter of Howard v Stature Elec., Inc., 20 NY3d 522, 525; Kaufman v Eli Lilly & Co., 65 NY2d 449, 455-456).
Accordingly, we affirm the judgment.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court