C.D.S. Home Improvement Corp. v Adegoke (2023 NY Slip Op 01175)

C.D.S. Home Improvement Corp. v Adegoke

2023 NY Slip Op 01175

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2019-13204
 (Index No. 101145/15)

[*1]C.D.S. Home Improvement Corp., respondent,
v
Adedamola Adegoke, appellant.

Arnold E. DiJoseph, P.C., New York, NY (Arnold E. DiJoseph III of counsel), for appellant.
Tracy & Stilwell, P.C., Staten Island, NY (John J. Tracy of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), entered June 11, 2019. The judgment, upon a decision of the same court dated May 23, 2019, made after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $69,637.71. By decision and order of this Court dated September 14, 2022, the matter was remitted to the Supreme Court, Richmond County, to set forth its calculations and the specific evidence relied upon in its determination of the damages award to the plaintiff in the principal sum of $69,637.71. The appeal was held in abeyance pending receipt of the Supreme Court's report (see C.D.S. Home Improvement Corp. v Adegoke, 208 AD3d 1150). The Supreme Court has now filed its report, dated October 26, 2022.
ORDERED that the judgment is modified, on the facts, by reducing the damages award to the plaintiff from the principal sum of $69,637.71 to the principal sum of $61,657.11; as so modified, the judgment is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate amended judgment.
In June 2013, the defendant homeowner entered into a contract with the plaintiff, a home improvement contractor, for the performance of repairs at the defendant's property due to fire damage. In September 2015, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging that the defendant failed to pay the balance owed after repairs were completed. Following a nonjury trial, the Supreme Court determined that the plaintiff was entitled to recover damages in the principal sum of $69,637.71, and a judgment was entered in favor of the plaintiff and against the defendant in that principal sum. The defendant appealed from the judgment.
In a decision and order dated September 14, 2022, this Court remitted the matter to the Supreme Court, Richmond County, to set forth its calculations and the specific evidence relied upon in its determination of the damages award to the plaintiff in the principal sum of $69,637.71 (see C.D.S. Home Improvement Corp. v Adegoke, 208 AD3d 1150). In a report dated October 26, 2022, the Supreme Court, inter alia, indicated that the award was premised on the amount sought in the verified complaint.
"'In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses'" (Davis v Khani, 202 AD3d 1046, 1047, quoting Home Const. Corp. v Beaury, 149 AD3d 699, 701; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Contrary to the plaintiff's contention, the Supreme Court's award of damages in the principal sum of $69,637.71 was not supported by the evidence. The evidence showed that the plaintiff's compensation for the repair work under the subject contract was to be based on the defendant's receipt of insurance proceeds from its insurer. According to a letter from the defendant's insurer, State Farm Fire and Casualty Company (hereinafter State Farm), dated August 18, 2014, State Farm had paid out the sum of $348,547.65, in addition to the sum of $16,929.07 in a check enclosed with the letter, for a total sum of $365,476.72. Deducting from that total sum, the amount of $50,000 for work not completed on the attic of the defendant's property, and the sum of $253,819.61 for amounts already paid to the plaintiff, the defendant still owed the sum of $61,657.11. Thus, the plaintiff was entitled to recover damages in the principal sum of only $61,657.11, and we modify the judgment accordingly.
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court