JCF Assoc., LLC v Take Two Outdoor Media, LLC (2025 NY Slip Op 02578)

JCF Assoc., LLC v Take Two Outdoor Media, LLC

2025 NY Slip Op 02578

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-04763
2023-11066
 (Index No. 514942/16)

[*1]JCF Associates, LLC, appellant, 
v
Take Two Outdoor Media, LLC, respondent.

Georgoulis PLLC, New York, NY (Chris Georgoulis of counsel), for appellant.
Goulston & Storrs P.C., New York, NY (Nicholas Cutaia and Jaclyn Grodin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for ejectment, the plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated March 16, 2023, and (2) a judgment of the same court dated November 8, 2023. The judgment, upon the decision, made after a nonjury trial, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action, inter alia, for ejectment. Following a nonjury trial, the Supreme Court entered judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (McGowan v State of New York, 79 AD3d 984, 986, quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; see Castaldi v Syosset Cent. Sch. Dist., 203 AD3d 690, 692). Contrary to the plaintiff's contention, the evidence demonstrates that the assignments of the lease were effective, the defendant's renewal of the lease was effective, and the plaintiff failed to prove that the defendant materially breached the lease. Accordingly, the Supreme Court properly dismissed the complaint after trial.
The plaintiff's remaining contentions are not properly before this Court.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court