■ TRUDY SHAW, Respondent, v RONALD BRISMAN, Appellant.

The defendant, a physician, was the personal physician for plaintiff, and also treated her for injuries sustained in an automobile accident. He is also her cousin. It is alleged that

defendant, despite being served with a subpoena, refused to testify for plaintiff in an action against the Town of Greenburg, which owned the vehicle that struck plaintiff. It is further alleged that plaintiff was forced to settle the lawsuit for a substantially smaller amount because defendant refused to testify for her. The action was settled for $60,000. Plaintiff alleges that she would have received at least $300,000 had defendant testified for her at a trial. She seeks $240,000 in damages from defendant.

The subpoena required defendant's appearance to testify at trial in Supreme Court, Westchester County, on July 31, 1987. According to the printout by the Office of Court Administration, the action was settled on July 29, 1987, though counsel for plaintiff disputes the date of settlement. According to plaintiff, defendant repeatedly refused in advance to appear and testify.

Defendant counters that he was never advised either of the settlement two days before the date of the subpoena, or of the alleged fact that jury selection had initially been scheduled for August 6, 1987.

The Motion Court held that factual issues were present, including whether defendant refused to testify, whether the action was in fact settled prior to defendant's scheduled appearance, and whether defendant's refusal to testify required plaintiff to settle for a lesser amount than she would have received at trial. We disagree and hold that no genuine issue of material fact is presented on this record.

Plaintiff made no motion to compel defendant's testimony pursuant to CPLR 2308 and Judiciary Law § 773. Having failed to avail herself of the statutory remedy of compelling defendant's testimony, plaintiff may not maintain this action.

Moreover, on this record, plaintiff's damage claims are entirely speculative. The motion for summary judgment dismissing the complaint should have been granted. Concur— Murphy, P. J., Sullivan, Milonas and Smith, JJ.