Shevlin v Wonder Works Constr. Corp. (2022 NY Slip Op 07526)

Shevlin v Wonder Works Constr. Corp.

2022 NY Slip Op 07526

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 150348/14 Appeal No. 16990 Case No. 2021-04693 

[*1]Scott Shevlin, Plaintiff-Respondent,
v
Wonder Works Construction Corp., Defendant-Appellant, 421 Kent Development, LLC et al., Defendants.

Tsyngauz & Associates, P.C., New York (Steven N. Gordon of counsel), for appellant.
Michael G. O'Neill, New York, for respondent.

Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered December 14, 2021, to the extent appealed from, awarding plaintiff damages against defendant Wonder Works Construction Corp., and bringing up for review an order, same court and Justice, entered on or about March 1, 2018, which denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
Dismissal of the complaint under CPLR 3211(a)(7) was not warranted because the complaint stated a whistleblower cause of action under Labor Law § 740(a)(c). The complaint alleged that plaintiff was fired because he refused to comply with defendants' instruction that he keep certain construction access gates open, in violation of section 3307.3.4 of the 2008 New York City Building Code. Those allegations, read in the light most favorable to plaintiff, gave rise to a reasonable inference that section 3307.3.4 applied to defendants, and that it was defendants' practice or policy not to comply with that statute.
Supreme Court properly denied defendants' motion in limine for leave to use, at trial, portions of the deposition testimony of defendant Xin Development Management East, LLC's representative, Ryan Black. Defendants were not entitled to use Black's deposition testimony under CPLR 3117(a)(3)(ii) because Black's self-serving, unsworn e-mail statements were insufficient to show that he was not in New York at the time of trial. Defendants were not entitled to use Black's deposition testimony under CPLR 3117(a)(3)(iv) because they failed to show due diligence in seeking to procure his testimony, including failing to seek enforcement of their trial subpoena, which was served on Black at his New York office (see CPLR 308[2], 2303[a], 2308[a]; Shaw v Brisman, 179 AD2d 459, 460 [1st Dept 1992]; Miller v Daub, 128 Misc2d 1060, 1061-62 [Civ Ct, NY County 1985]).
Supreme Court's judgment against Wonder Works Construction Corp., made upon factual determinations after a bench trial, was supported by the weight of the evidence (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; DiLorenzo v Windermere Owners LLC, 174 AD3d 102, 107-108 [1st Dept 2019], revd on other grounds 36 NY3d 965 [2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022